THE STATE OF OHIO, APPELLEE, v. MARTIN, APPELLANT.

[Cite as State v. Martin (1986), 21 Ohio St. 3d 91.]

(No. 85-114—Decided January 15, 1986.)

92

*John T. Corrigan,* prosecuting attorney, and *Patricia A. Gaughan,* for appellee.

*James R. Willis,* for appellant.

CELEBREZZE, C.J.

I

Our first consideration concerns appellant's contention that the state of Ohio may not constitutionally place the burden of proving self-defense on a defendant if the truth of that defense would negate an essential ele-

ment of the crime charged. Appellant asserts that self-defense negates the *mens rea* of aggravated murder and that requiring a defendant to prove self-defense thus compels the defendant to prove his innocence by disproving criminal intent. Since it is constitutionally impermissible to require an accused to prove his innocence, appellant contends that once a defendant produces evidence of self-defense, the prosecution must then disprove self-defense beyond a reasonable doubt.

We find no merit in this contention. R.C. 2901.05(A) clearly states that the burden of proving all elements of the offense charged including *mens rea,* beyond a reasonable doubt, is on the prosecution. This section also places the burden of proving an affirmative defense, by a preponderance of the evidence, on the accused. R.C. 2901.05(C)(2) defines an affirmative defense as "[a] defense involving an excuse or justification peculiarly within the knowledge of the accused, on which he can fairly be required to adduce supporting evidence." This court has long determined that self-defense is an affirmative defense. See *State* v. *Nolton* (1969), 19 Ohio St. 2d 133 [48 O.O.2d 119].

In the case *sub judice,* appellant was charged with the offense of aggravated murder. Thus, the state was required to prove beyond a reasonable doubt the elements of that crime, defined by R.C. 2903.01 as purposely, and with prior calculation and design, causing the death of another. Certainly no less can be required of the state because "* * * the Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." *In re Winship* (1970), 397 U.S. 358, 364 [51 O.O.2d 323]. Appellant contends, however, that the Constitution requires more. Not only must the state prove the elements of the crime charged, appellant asserts, it must also disprove self-defense. We are unable to find support for this contention.

In *Patterson* v. *New York* (1977), 432 U.S. 197, the United States Supreme Court addressed a question very similar to that in the case *sub judice.* At issue was the constitutionality of a New York statute which placed upon the defendant the burden of proving the affirmative defense of extreme emotional distress. The *Patterson* court held that, consistent with due process, the prosecution was required to prove beyond a reasonable doubt only those elements included in the statutory definition of the offense charged. The recognition of an affirmative defense, the court stated, did not require the state to prove its nonexistence:

"We thus decline to adopt as a constitutional imperative, * * * that a State must disprove beyond a reasonable doubt every fact constituting any and all affirmative defenses related to the culpability of an accused." *Patterson, supra,* at 210.

The Supreme Court also recognized in *Patterson* that the obligation to disprove the existence of self-defense is a burden which the state, in its judgment, may properly deem too onerous to undertake in view of the fact

that an affirmative defense is one involving facts peculiarly within the knowledge of the defendant, which he, not the state, may fairly be required to prove. This is exactly the view contained in R.C. 2901.05(C)(2).

The *Patterson* court also noted that there are affirmative defenses which do not seek to negate any of the elements of the offense which the state is required to prove. *Id.* at 206-207. This is the nature of self-defense under Ohio law. This court, in *State* v. *Poole* (1973), 33 Ohio St. 2d 18, 19 [62 O.O.2d 340], characterized the defense of self-defense as a "justification for admitted conduct." Self-defense represents more than a "denial or contradiction of evidence which the prosecution has offered as proof of an essential element of the crime charged * * *." *Id.* Rather, we stated in *Poole,* this defense admits the facts claimed by the prosecution and then relies on independent facts or circumstances which the defendant claims exempt him from liability. *Id.* Thus, the burden of proving self-defense by a preponderance of the evidence does not require the defendant to prove his innocence by disproving an element of the offense with which he is charged. The elements of the crime and the existence of self-defense are separate issues. Self-defense seeks to relieve the defendant from culpability rather than to negate an element of the offense charged. In the case *sub judice,* the state proved beyond a reasonable doubt that appellant purposely, and with prior calculation and design, caused the death of her husband. Appellant did not dispute the existence of these elements, but rather sought to justify her actions on grounds she acted in self-defense.

We therefore hold that R.C. 2901.05 requires the prosecution to prove beyond a reasonable doubt every element of a homicide offense as defined by statute, and does not require the defendant to disprove any essential element of this offense. Thus, the state may constitutionally require a defendant to prove, by a preponderance of the evidence, the affirmative defense of self-defense. Accord *State* v. *Moran* (Oct. 27, 1983), Cuyahoga App. No. 45879, unreported, certiorari denied *Moran* v. *Ohio* (1984), ____ U.S. ____, 83 L. Ed. 2d 285.

Accordingly, the judgment of the court of appeals is affirmed on this issue.

## II

Appellant next contends that she was denied due process of law when the trial judge instructed the jury not to consider the lesser-included offenses until it made a determination regarding the offense of aggravated murder. Although appellant argues that these instructions had the effect of preventing the jury from considering the lesser-included offenses, we are not persuaded that this was the case.

This argument was previously rejected in *State* v. *Muscatello* (1977), 57 Ohio App. 2d 231 [11 O.O.3d 320], affirmed (1978), 55 Ohio St. 2d 201 [9 O.O.3d 148], where we stated that a similar charge on voluntary manslaughter and its lesser-included offenses was not prejudicially erroneous. When the jury has before it all the evidence and instructions for

each offense, it is realistic to assume that the jury will not consider each offense in isolation from the others. If, as in the case *sub judice,* the jury unanimously determines that defendant is guilty of the highest degree of the offense, it can be assumed that the jury has also considered and rejected evidence regarding self-defense and the lesser-included offenses.

Accordingly, this argument is without merit.

### III

Appellant also challenges the jury's verdict as against the manifest weight of the evidence.

The standard for our review is whether, after viewing the evidence in a light most favorable to the prosecution, a reasonable jury could have found the essential elements of the crime beyond a reasonable doubt. *Jackson* v. *Virginia* (1979), 443 U.S. 307. Further, we must bear in mind that the weight given to evidence and judgment of the credibility of witnesses are in the province of the jury. A reviewing court may not reverse a judgment of conviction where the record shows a verdict based on sufficient evidence. *State* v. *DeHass* (1967), 10 Ohio St. 2d 230 [39 O.O.2d 366], paragraph two of the syllabus.

After a thorough review of the record, we are convinced that there was sufficient evidence from which the jury could find, beyond a reasonable doubt, that the elements of the crime of aggravated murder were proven beyond a reasonable doubt.

Several prosecution witnesses testified as to explicit threats made against the victim by appellant. Physical and scientific evidence showed that appellant deliberately shot the victim several times at close range. The victim's attorney testified that the victim was visibly weakened after May 1983. According to a friend of the victim's daughter, this was the result of a heart attack and stroke which the victim suffered two months prior to the killing. Based on this evidence, the jury rejected appellant's claim of self-defense and found her guilty of aggravated murder.

Accordingly, we conclude that there is ample evidence in the record to support the jury's verdict. Consequently, appellant's contention is without merit.

### IV

Appellant lastly contends that the prosecutor's remarks in closing argument, characterizing appellant's testimony as a fabrication, were substantial prejudicial error requiring reversal.

We begin our discussion by observing that it is improper for a prosecutor to express his or her personal opinion concerning the credibility of a witness.[1] We have also held, however, that "* * * the conduct of a prose-

---

[1] DR 7-106(C) provides in part:

"In appearing in his professional capacity before a tribunal, a lawyer shall not:

"* * *

"(4) Assert his personal opinion as to the justness of a cause, as to the credibility of a

cuting attorney during trial cannot be made a ground of error unless that conduct deprives the defendant of a fair trial." *State* v. *Maurer* (1984), 15 Ohio St. 3d. 239, 266.

This court recently considered a case involving prosecutorial misconduct in *State* v. *Smith* (1984), 14 Ohio St. 3d 13. There, we held that "* * * it must be clear beyond a reasonable doubt that, absent the prosecutor's comments, the jury would have found [the] defendant guilty." *Id.* at 15.

Therefore, we must focus upon whether, aside from the prosecutor's remarks, the jury would have convicted appellant of the offense of aggravated murder. We have previously stated that the record reveals substantial evidence supporting the jury's verdict. We are convinced, beyond a reasonable doubt, that even absent the prosecutor's statements, the jury would have found appellant guilty.

Accordingly, we do not find reversible error in these remarks and affirm the judgment of the court of appeals.

*Judgment affirmed.*

LOCHER, HOLMES, DOUGLAS and WRIGHT, JJ., concur.

SWEENEY and C. BROWN, JJ., dissent.

SWEENEY, J., dissenting. Because I believe that R.C. 2901.05 unconstitutionally shifts the burden of proof of self-defense to the accused, I must respectfully dissent from Part I of the majority decision.

As was pointed out by Judge Jackson in the appellate court below, the affirmative defense of self-defense is one which serves to negate a fact that is necessary to constitute the crime charged. The "facts" that self-defense serves to negate are voluntariness and unlawfulness.

I believe it is clear that an act committed in self-defense is not unlawful in any event. Self-defense is not a crime; rather, it is an act of justification. The majority opinion fails to recognize the crucial difference between an affirmative defense of mitigation, such as that found in *Patterson* v. *New York* (1977), 432 U.S. 197, and an affirmative defense of justification, which is the essential nature of self-defense.

In *Patterson,* the affirmative defense of "extreme emotional disturbance" gave the accused the opportunity to show that his act of murder was, in reality, one of manslaughter. The affirmative defense of self-defense alleged herein, however, goes to the *mens rea* of the crime charged, *i.e.,* whether the act committed was indeed a criminal act. While *Patterson* involved a matter of the degree of the crime, the instant case involved the matter of whether the act committed was a crime *ab initio.*

---

witness, as to the culpability of a civil litigant, or as to the guilt or innocence of an accused; but he may argue, on his analysis of the evidence, for any position or conclusion with respect to the matters stated herein."

While I do not quibble with the United States Supreme Court's analysis and decision in *Patterson* with respect to the affirmative defense it had before it, I do wish to re-emphasize that the legal efficacy of the *Patterson* decision with respect to the affirmative defense of self-defense was recently questioned in the case of *Engle* v. *Isaac* (1982), 456 U.S. 107, as is pointed out in Justice Clifford Brown's well-reasoned dissent.

Other jurisdictions have grappled with the issue of due process in this context, and there appears to be a distinct split of authority with regard to this issue. *Id.* at 122, fns. 23 and 24. Hopefully, the high court will resolve this judicial dilemma by granting *certiorari* in the cause *sub judice*.

In my view, R.C. 2901.05 amounts to an unconstitutional deprivation of due process in violation of the Fourteenth Amendment to the United States Constitution, and Section 16, Article I of the Ohio Constitution. This statute, along with the majority opinion herein, places the burden of persuasion on the accused that he or she committed an entirely lawful act — taking the life of another in self-defense. In this manner, the court has relaxed the standard that the state must prove every element of the crime charged beyond a reasonable doubt.

For these reasons, I would reverse the judgment of the court of appeals.

C. BROWN, J., concurs in the foregoing opinion.

CLIFFORD F. BROWN, J., dissenting. I must respectfully dissent from the majority's affirmance of the judgment of the court of appeals in this case.

I agree with the partial dissent below that R.C. 2901.05 is unconstitutional insofar as it places the burden of proving self-defense by a preponderance of the evidence on the accused. For more than a century, self-defense has been considered to negate the element of unlawfulness which must be present in order to convict a defendant of aggravated murder. See *Silvus* v. *State* (1871), 22 Ohio St. 90. Thus, R.C. 2901.05 permits the state to convict a defendant without proving every element of the crime charged, contrary to the principles of *Patterson* v. *New York* (1977), 432 U.S. 197.

I note that in the case of *Engle* v. *Isaac* (1982), 456 U.S. 107, 121-123, the Supreme Court of the United States, in *dictum,* interpreting Ohio law, recognized that the placement on the accused of the burden of proof of affirmative defenses such as self-defense raised a "colorable constitutional claim." There, the issue remained unresolved as not properly before the court. When the issue is properly before the court, I believe my position will be vindicated. Based on the foregoing, I would hold that R.C. 2901.05 impermissibly lessens the state's burden of proof and is thus unconstitutional as to the affirmative defense of self-defense.

Accordingly, I would reverse the judgment of the court of appeals.