OPINION
Defendant-Appellant, seventeen-year-old Jason Peace, appeals a judgment of the Court of Common Pleas of Seneca County, Juvenile Division, wherein the court adjudicated Appellant delinquent for committing felonious assault. For the reasons that follow, we affirm the judgment of the trial court.
The evidence is apparent that on July 23, 1998, at approximately 2:00 a.m. in the City of Fostoria, Jason struck thirty-seven-year-old Raymond Dunfee in the back of the head with an aluminum baseball bat. Dunfee sustained physical injuries and required ambulatory care as a result. Jason pled not guilty to the offense and the case was subsequently tried to the court. Upon hearing the evidence, the court adjudicated Jason delinquent for committing felonious assault in violation of R.C.2903.11(A)(2). The court then sentenced Jason to an indefinite term in the Ohio Department of Youth Services for a minimum of one year until the age of twenty-one. Thereafter, Jason filed the instant appeal asserting three assignments of error for our review:
Assignment of Error I
 The trial court violated Jason Peace's right to due process under the Fifth and Fourteenth amendments to the United States Constitution, and Article One, Section Sixteen of the Ohio Constitution when it adjudicated him delinquent of felonious assault absent proof of every element of the charge against him by sufficient, competent, and credible evidence.
In reviewing a claim of sufficiency of the evidence:
 The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.
State v. Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus.
The pertinent section of R.C. 2903.11 defines felonious assault as follows:
(A) No person shall knowingly:
* * *
 (2) Cause or attempt to cause physical harm to another * * * by means of a deadly weapon or dangerous ordnance.
R.C. 2901.01(A)(3) defines "physical harm", in relevant part, as "any injury * * * regardless of its gravity or duration." Further, R.C. 2923.11(A) provides that a "deadly weapon" is "any instrument, device, or thing capable of inflicting death, and designed or specially adapted for use as a weapon, or possessed, carried, or used as a weapon."
The State presented three witnesses who testified that they saw Jason strike Dunfee over the head with the bat. Fostoria Police Officer, Scott Miller, testified that he saw Dunfee lying on the sidewalk after the attack and that he was bleeding from the back of his head. Sixteen-year-old Jennifer Rios also testified and helped Dunfee walk away from the scene and that he was bleeding profusely and appeared to be in shock. Moreover, Captain James Dieter of the Fostoria Police Department testified that a baseball bat was capable of inflicting serious injury or death. Based upon the foregoing, we find that from the evidence in this case, a rational trier of fact could have found that the State of Ohio proved each essential element of felonious assault beyond a reasonable doubt.
However, although Jason's appellate brief is not clear, it appears to this court that he argues the evidence was insufficient because the State of Ohio did not properly establish that the assault occurred as a result of the juvenile offender engaging in some sort of self-defense. Jason's assertion is bewildering since it is well-established under the laws of this state that self-defense is an affirmative defense that the defendant bears the burden of proving by a preponderance of the evidence. State v. Martin (1986), 21 Ohio St.3d 91. Alternatively, if Jason is suggesting that the evidence was insufficient because the prosecution failed to prove that Ray Dunfee was not the aggressor (i.e. that the victim acted in self-defense), we find this assertion without merit as well since R.C. 2903.11 does not include such an element. Whether either the offender or the victim has engaged in self-defense is not an element of felonious assault that the State is obligated to prove. Thus, Jason's argument that the prosecution failed to prove the offense by sufficient evidence is wholly without merit.
Appellant's first assignment of error is overruled.
Assignment of Error II
 The trial court violated Jason Peace's right to due process under the Fifth and Fourteenth amendments to the United States Constitution, and Article One, Section Sixteen of the Ohio Constitution when it adjudicated him delinquent of felonious assault, when that finding was against the manifest weight of the evidence.
The proper standard to employ when considering an argument that a conviction or adjudication was against the manifest weight of the evidence has been set forth as follows:
 The [appellate] court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence the [fact-finder] clearly lost its way * * *.
State v. Thompkins (1997), 78 Ohio St.3d 380, 387, citing State v. Martin (1983), 20 Ohio App.3d 172, 175. Appellate courts are cautioned to sustain manifest weight arguments only in the most extraordinary cases. Thompkins 78 Ohio St.3d at 387.
In this case, although there is conflicting evidence as to the reason Jason struck Ray Dunfee, we are not convinced that the trial court "clearly lost its way" in adopting the prosecution's version of the events. Indeed, the only two witnesses for the defense, Jason Peace and Jose Alvara, offered inconsistent testimony on the issue. Jason himself claimed that he struck the victim in order to protect his brother. However, Jose Alvara stated that Ray Dunfee never hit Jason's brother or even argued with him; Jose maintained that Jason was protecting himself from the victim. Thus, based upon the testimony presented, we find that the conviction was not against the manifest weight of the evidence.
Appellant's second assignment of error is overruled.
Assignment of Error III
 Jason Peace was deprived of his right to effective assistance of counsel as guaranteed by the Sixth and Fourteenth amendments to the United States Constitution and Article I, Section Sixteen of the Ohio Constitution, due to counsel's numerous errors.
The appropriate test to determine whether a defendant has been denied effective assistance of counsel has been set forth has follows:
 First, there must be a determination as to whether there has been a substantial violation of any of defense counsel's essential duties to his client. Next, and analytically separate from the question of whether the defendant's Sixth Amendment rights were violated, there must be a determination as to whether the defense was prejudiced by counsel's ineffectiveness.
State v. Lytle (1976), 48 Ohio St.2d 391, 396-397, vacated in part on other grounds (1978), 438 U.S. 910. See, also, State v. Bradley (1989), 42 Ohio St.3d 136, 141-142; Strickland v. Washington (1984), 466 U.S. 668, 687. To demonstrate that counsel violated a substantial duty to her client, there must be evidence that counsel performed below an "objective standard of reasonable representation." State v. Keith (1997), 79 Ohio St.3d 514,534. In order to demonstrate prejudice, an appellant must establish that without counsel's errors, there is a reasonable probability that the outcome of the trial would have been different. Id.
In the present case, Jason makes an extremely generalized argument that his trial attorney was ineffective because she failed to call several key witnesses, including Larry White and Matthew Peace, when their testimony was material to the issue of self-defense. We reject this assertion because Jason has not pointed to, nor does the record contain, any specific evidence tending to show either that counsel violated any essential duties of his representation or that any deficiency in representation resulted in prejudice.
Appellant's third assignment of error is overruled.
Having found no error prejudicial to the Appellant herein, in the particulars assigned and argued, the judgment of the trial court is hereby affirmed.
Judgment affirmed.
BRYANT, P.J., and SHAW, J., concur.