DECISION AND JUDGMENT ENTRY
This is an appeal from a judgment of the Lucas County Court of Common Pleas, Juvenile Division, which adjudicated appellant a delinquent child by committing acts which, if committed by an adult, would constitute domestic violence. Following her adjudication, appellant was committed to the custody of the Ohio Department of Youth Services. Appellant sets forth the following assignments of error:
"ASSIGNMENT OF ERROR I"
 "THE TRIAL COURT VIOLATED ANGELA G[.]'S RIGHT TO DUE PROCESS UNDER THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION, ARTICLE ONE, SECTION SIXTEEN OF THE OHIO CONSTITUTION, AND JUV.R. 29 WHEN IT ADJUDICATED HER DELINQUENT OF DOMESTIC VIOLENCE ABSENT PROOF OF EVERY ELEMENT OF THE CHARGE AGAINST HER BY SUFFICIENT, COMPETENT, AND CREDIBLE EVIDENCE. (Tr. p. 8-96).
"ASSIGNMENT OF ERROR II
 "THE TRIAL COURT VIOLATED ANGELA G[.]'S RIGHT TO DUE PROCESS UNDER THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION, ARTICLE ONE, SECTION SIXTEEN OF THE OHIO CONSTITUTION, AND JUV.R. 29, WHEN IT ADJUDICATED HER DELINQUENT OF DOMESTIC VIOLENCE, WHEN THAT FINDING WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE. (Tr. p. 8-96).
"ASSIGNMENT OF ERROR III
 "ANGELA G[.] WAS DEPRIVED OF HER RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL AS GUARANTEED BY THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION SIXTEEN OF THE OHIO CONSTITUTION DUE TO COUNSEL NOT EFFECTIVELY ARGUING SELF-DEFENSE. (Tr. 8-100)."
On March 1, 1999, appellant, who was seventeen years old, arrived home in the early morning hours. A dispute arose between appellant and her mother when she was told to turn off her bedroom light and go to bed. When appellant's father attempted to restrain her, he was bit on the left thumb. Appellant's sister was also bit or grabbed on the arm when she came to assist her father.
The Toledo Police arrested appellant on domestic violence charges. Appellant was formally charged with two counts of domestic violence, which were amended from first degree misdemeanors to fifth degree felonies due to prior delinquency adjudications involving domestic violence. Appellant denied the charges and a hearing was scheduled.
On March 11, 1999, an adjudicatory hearing was held. During the hearing, the following evidence was presented. Appellant's father, Donald G., testified that on March 1, 1999, at approximately 2:00 a.m., appellant was pounding on the door of their home and that his wife went downstairs and let her in. Appellant was told more than once to turn off her bedroom light and go to bed.
Appellant's mother then went to her bedroom and forced entry. Donald G. stated that he heard yelling and screaming from appellant's bedroom; he then called the police. Donald G. entered appellant's bedroom and slapped appellant across the face in order to calm her down. He then wrestled her to the ground and, straddling her, restrained both of her arms. At some point during the affray, appellant bit Donald G. on the thumb.
Appellant's mother, Shirley G., next testified that appellant had called home approximately forty-five minutes prior to her arrival and indicated that she had missed her curfew because she had missed the bus. Shirley G. stated that this had happened many times before. Once appellant had arrived home, Shirley G. testified that appellant had gotten "smart" with her and that she told appellant to go to her room and go to bed.
After appellant failed to turn her bedroom lights off, Shirley G. pushed her way into the bedroom in order to confront appellant. Appellant began kicking and hitting her. Appellant left after her other daughter, Amber, and her husband entered the room.
From the hallway, Shirley G. states that she saw Amber trying to help restrain appellant and, immediately thereafter, Amber began to cry and stated that appellant bit her. Shirley G. testified that she saw marks on Amber's arm, but did not specifically see bite marks.
Amber, appellant's sister, testified that at 2:00 a.m. she was in bed and heard her sister banging on the door. She got out of bed after the incident began to escalate. Amber stated that she tried to help her father hold appellant down and that is when appellant bit her. Amber clarified that she was not certain whether appellant bit or grabbed her but that it hurt.
Next, Toledo Police officer Jason Brown testified that he responded to the subject domestic violence call. He stated that when he arrived at the home, Donald G. was still restraining appellant in her bedroom which was in disarray. Brown testified that he observed the mark on Amber's arm and that it was clearly a bite mark based upon the curvature of the wound. No mark was visible on Donald G.'s thumb.
Appellant then testified that her father grabbed her throat and that she spit at him because she was trying to get the taste of blood out of her mouth. She testified that she bit her father's thumb to get him to leave her alone and that she acted in self-defense. Appellant further stated that she grabbed her sister's arm to preempt her sister's twisting her arm.
Upon the close of the evidence and arguments of counsel, the trial court took the matter under advisement. On March 31, 1999, appellant was found guilty of both counts of domestic violence. The trial court committed her to the Ohio Department of Youth Services for a period of six months to the age of twenty-one. Appellant then timely filed the instant appeal.
In her first assignment of error, appellant argues that her due process rights were violated because her conviction was not supported by sufficient, competent evidence.
The Supreme Court of Ohio has set forth this court's standard of review as to sufficiency of evidence:
 "An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." (Citation omitted.) State v. Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus.
R.C. 2919.25(A) states that "[n]o person shall knowingly cause or attempt to cause physical harm to a family or household member." R.C. 2901.22(B) defines knowingly as:
 "A person acts knowingly, regardless of his purpose, when he is aware that his conduct will probably cause a certain result or will probably be of a certain nature. A person has knowledge of circumstances when he is aware that such circumstances probably exist."
Appellant argues that the state failed to prove that appellant acted knowingly beyond a reasonable doubt.
Specifically, appellant argues that the state failed to prove that appellant knew a physical altercation would result because she had her bedroom light on. Appellant also argues that she acted in self-defense.
Upon review of R.C. 2919.25(A) and the evidence presented in this case, we find that the element of "knowingly" relates to the act of physical harm, not to the events precipitating such harm. Appellant admits that she bit her father and grabbed her sister and, therefore, the elements have been established beyond a reasonable doubt. Further, self-defense is an affirmative defense which a defendant, not the state, has the burden of proving by a preponderance of the evidence. State v.Martin (1986), 21 Ohio St.3d 91. Thus, appellant's argument that the state failed to prove domestic violence by sufficient evidence is without merit and appellant's first assignment of error is not well-taken.
Appellant, in her second assignment of error, argues that the trial court's finding was against the manifest weight of the evidence. The Supreme Court of Ohio noted that when an appellate court reverses a verdict as against the manifest weight of the evidence, the appellate court sits as the "thirteenth juror" and "disagrees with the factfinder's resolution of the conflicting testimony." State v. Thompkins (1997), 78 Ohio St.3d 380,387. In reviewing the entire record, an appellate court:
 "`weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction.'" Id., quoting State v. Martin (1983), 20 Ohio App.3d 172, 175.
In the instant case, although appellant presents conflicting testimony as to the reason she bit her father and bit or struck her sister, we are not convinced that the trial court "clearly lost its way" in adopting the state's version of the events and created a manifest miscarriage of justice. Appellant's conviction for domestic violence is not against the manifest weight of the evidence. Accordingly, appellant's second assignment of error is not well-taken.
In appellant's third and final assignment of error, she argues that she was deprived of her right to effective assistance of counsel due to counsel's failure to pursue the affirmative defense of self-defense.
Legal representation is constitutionally ineffective, and a basis for reversal or vacation of a conviction, when counsel's performance is deficient and results in prejudice to the accused. Strickland v. Washington (1984), 466 U.S. 668. In order to prove ineffective assistance of counsel, a defendant must show (1) that his counsel's performance fell below an objective standard of reasonable representation in some particular respect or respects and (2) that he was so prejudiced by the defect or defects that there exists a reasonable probability that, but for counsel's errors, the result of the trial would have been different. State v. Bradley (1989), 42 Ohio St.3d 136, paragraphs two and three of the syllabus, followingStrickland.
In Ohio, a properly licensed attorney is presumed competent, and the burden is on the appellant to show counsel's ineffectiveness. State v. Lytle (1976), 48 Ohio St.2d 391, 397;State v. Hamblin (1988), 37 Ohio St.3d 153, 155-156. Debatable trial tactics generally do not constitute ineffectiveness. Statev. Phillips (1995), 74 Ohio St.3d 72, 85, citing State v. Clayton
(1980), 62 Ohio St.2d 45, 49.
In the present case, appellant argues that her trial counsel did not adequately present the claim of self-defense. Appellant stresses the fact that once appellant's father initiated the physical contact and appellant was pinned to the ground, it would be natural for her to try and defend herself. As stated above, self-defense is an affirmative defense which must be proven by a preponderance of the evidence. State v. Martin, 21 Ohio St.3d 91. One of the elements necessary to prove self-defense is that the individual was not at fault in starting the affray.State v. Williford (1990), 49 Ohio St.3d 247, 249. Here there is evidence that appellant began the physical confrontation with her parents. Thus, appellant has failed to demonstrate that but for her trial counsel's failure to actively pursue a self-defense claim, the trial court's decision would have been different.Bradley, supra. Accordingly, appellant's third assignment of error is not well-taken.
On consideration whereof, we find that appellant was not prejudiced or prevented from having a fair trial and the judgment of the Lucas County Court of Common Pleas, Juvenile Division, is affirmed. Costs of this appeal are assessed to appellant.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
JAMES R. SHERCK, J.
 _______________________________ JUDGE
 RICHARD W. KNEPPER, P.J.
 _______________________________ JUDGE
 MARK L. PIETRYKOWSKI, J.
 _______________________________ JUDGE
CONCUR.