OPINION
On September 23, 1998, Nola Tunnicliff filed a criminal complaint against her ex-husband, appellant, Clyde R. Tunnicliff, for domestic violence R.C. 2919.25(A). The case was tried to the Portage County Municipal Court, sitting without a jury, on January 15, 1999. Appellant was found guilty and fined $500, with $300 suspended, and sentenced to 180 days in the county jail.
Appellant assigns a single error:
 "THE CONVICTION OF APPELLANT WAS AGAINST THE MANIFEST WEIGHT AND BASED ON EVIDENCE THAT WAS INSUFFICIENT AS A MATTER OF LAW."
Nola Tunnicliff testified that she and appellant had been previously married and have two children, ages twelve and seventeen. Though they were now divorced, appellant had been living with them for the previous four or five years.
On the evening of September 22, 1998, Nola and appellant got into an argument over their twelve-year-old son playing football. The argument began in the living room, but moved into a hallway. She told him that she wanted him out of her house and grabbed him by the ear. Appellant pulled his fist back and she said, "Go ahead and hit me. I'll call the cops." Appellant hit her twice with his closed fist in the forehead. After being hit, she called the police and was taken to the hospital, where she was treated and released. Deputy James Ramage responded to the call and testified that he did not notice any injury to appellant's ear lobe.
The son testified that he was in the living room working on the computer when the incident occurred. He testified that the incident arose out of a heated argument. He did not see the first hit, but heard a noise. He saw the second hit.
Appellant testified that Nola started the fight. During his testimony, he said, "I guess I baptized her because I bapped her. I thought I hit her right in the forehead." He stated that he hit her to defend himself and get her off of him.
At the beginning of the trial, appellant told the court that he had a "classified" job with the Secret Service Intelligence office for the Department of the Treasury and that the court should call the FBI to find out who he was. The trial court checked appellant's story and discovered that it was false and noted that appellant had previously informed the court that he was unemployed and on disability.
The trial court observed, in colorful language, that it did not believe the testimony of the Appellant, and did believe the Complainant.
 I.
Appellant claims that he should not have been convicted because the evidence showed that he was merely acting in self-defense.
"`Sufficiency' challenges whether the prosecution has presented evidence on each element of the offense to allow the matter to go to the jury, while `manifest weight' contests the believability of the evidence presented." State v. Schlee (Dec. 23, 1994), Lake App. No. 93-L-082, unreported. The test for sufficiency of the evidence is whether after viewing the probative evidence in the light most favorable to the prosecution, any rational trier of fact could have found all of the elements of the offense beyond a reasonable doubt. Id.
The domestic violence statute, R.C. 2919.25(A), provides that: "No person shall knowingly cause or attempt to cause physical harm to a family or household member." The state presented evidence that appellant caused physical harm to his ex-wife and that he was a member of the household. Therefore, sufficient evidence was presented on each element of domestic violence to sustain a conviction.
Manifest weight challenges require a reviewing court to review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether in resolving conflicts in the evidence, the [court] clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. State v. Earle (1997), 120 Ohio App.3d 457, 472-473,698 N.E.2d 440. It is well established in Ohio that the weight to be given evidence and the credibility of witnesses are primarily for the trier of fact. State v. DeHass (1967), 10 Ohio St.2d 230,227 N.E.2d 212, paragraph one of the syllabus; State v. Loza (1994),71 Ohio St.3d 61, 69, 641 N.E.2d 1082, 1096. The appellate court reviews the cold, printed record. It is the trial court that has the unique opportunity to observe the demeanor of the witness, his candor or lack thereof, his behavior and facial attitude.
Appellant argued at trial and argues in this appeal that he should not have been convicted because he was acting in self-defense. Self-defense is an admission of the prohibited conduct coupled with a claim that the surrounding facts or circumstances justified the accused's conduct. State v. Martin
(1986), 21 Ohio St.3d 91, 488 N.E.2d 166. In order to prove self-defense a defendant must establish that: he was not at fault Cin creating the situation giving rise to the affray; he had a bona fide belief that he was in imminent danger of death or great bodily harm; and, his only means of escape from such danger was in the use of such force. State v. Robbins (1979), 58 Ohio St.2d 74,80, 388 N.E.2d 755, 758. According to Martin, self-defense must be established by a preponderance of the evidence.
It is irrelevant that the trial court did not believe the Appellant's testimony, because, even if true, his defense of self-defense does not avail. In the instant case, the evidence shows that appellant was not in imminent danger of death or great bodily harm. In fact, there is no evidence of any injury to his ear from where his ex-wife grabbed it. Punching Nola twice in the face was not his only means of escape, but was an excessive use of force. The trial court did not err in finding appellant guilty, his assignment of error is without merit.
The assignment of error is overruled and the judgment of the Portage County Municipal Court, Ravenna Division, is affirmed.
 _______________________________ JUDGE JOHN R. MILLIGAN, Ret.
Fifth Appellate District sitting by assignment.
CHRISTLEY, P.J., O'NEILL, J. concur.