[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
The defendant-appellant, John Cotton, appeals from his conviction for assault, resulting in a suspended sentence of 180 days confinement, with one year of probation and costs. He contends that the trial court's finding of guilty following a bench trial was against the weight of the evidence and contrary to law. We disagree.
The state's witnesses, Charles and Steven Boyer, testified that they and Brian Roark went to Cotton's home on Thanksgiving as his invited guests. They testified that Cotton, who described himself as disabled due to chronic brain damage, took exception when Roark sat in Cotton's chair. According to the state's witnesses, the disagreement escalated when Cotton dragged Roark from the chair by the throat and threw him to the floor. When the Boyers came to Roark's assistance, they testified that Cotton ran into the bedroom and returned with a two-to-three-foot machete. They testified that Cotton then struck Charles Boyer twice with the machete, causing wounds to his face.
Cotton offered a significantly different version of the facts. He admitted that he had been drinking heavily that day. He testified that he had entertained friends earlier, serving them Thanksgiving dinner. After dinner, he testified, a group of people, incited by the Boyers, arrived outside his house and began kicking the door and making threats. He testified that he had previously barred the Boyers from his home. He testified, however, that he admitted the uninvited group, and that his other invited guests then left. According to Cotton, Steven Boyer grabbed Cotton's arm while Boyer was sitting at the table. Cotton reacted by pulling Boyer out of the chair and threw him to the floor. Charles Boyer then came to his brother's aid. According to Cotton, Roark then struck him in the mouth, knocking out a tooth. Cotton claimed that Steven Boyer next hit him with a chair. Cotton then described how, attempting to flee his own home, he grabbed a nearby knife and swung it at Charles Boyer. According to Cotton, he then managed to escape by jumping from a balcony.
In both assignments of error, Cotton argues that he was in fear for his life and entitled to use deadly force, since he was not the aggressor and had no duty to retreat in his own home. To establish self-defense, the defendant must establish that (1) he was not at fault in creating the situation giving rise to the affray; (2) he had a bona fide belief that he was in imminent danger of death or great bodily harm and that his only means of escape from such danger was in the use of force; and (3) that he did not violate any duty to retreat or avoid the danger. State v.Williford (1990), 49 Ohio St.3d 247, 249, 551 N.E.2d 1279, 1281, citingState v. Robbins (1979), 58 Ohio St.2d 74, 388 N.E.2d 55. Although the defendant has no duty to retreat from his own home, he is privileged to use only that force which is reasonably necessary to repel the attack.Id., paragraphs one and two of the syllabus. In finding him guilty, the trial court expressly concluded that Cotton used excessive force.
Where substantial evidence is offered by the state in support of the elements of the charged offense, and if such evidence is of sufficient probative value to sustain a conviction, the reviewing court will not reverse on weight of the evidence. State v. Napier (1995),105 Ohio App.3d 713, 719-720, 664 N.E.2d 1330, 1334-1335. Self-defense is an affirmative defense which the defendant has the burden to prove by a preponderance of the evidence. State v. Martin (1986), 21 Ohio St.3d 91,488 N.E.2d 166, syllabus.
Sitting as a "thirteenth juror" and having reviewed the entire record, weighed the evidence and all reasonable inferences, and considered the credibility of the witnesses, we find that, in resolving the conflicts in the evidence, the trial court did not lose its way and create such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. State v. Martin (1983), 20 Ohio App.3d 172, 175,485 N.E.2d 717, 720-721.
The judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Gorman, P.J., Sundermann and Shannon, JJ.
Raymond E. Shannon, retired, of the First Appellate District, sitting by assignment.