This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant, Stephen Francis, appeals the decision of the Medina County Court of Common Pleas, which found him guilty of burglary. This Court affirms.
 I.
Appellant and Shonna Hill were involved in an off-and-on romantic relationship for approximately six years up until the date of the incident. On November 26, 2000, Shonna went over to appellant's residence to help make Thanksgiving dinner, and she stayed overnight. In the middle of the night, Shonna and appellant got into an argument, and Shonna left and walked home to her residence. Appellant called Shonna around 11 a.m., asking where his car keys and a fitted sheet were, and Shonna replied that she did not have them. Appellant called back several times in the next hour and left threatening messages on Shonna's machine.
Around 1 p.m. that day, appellant's friend drove him to Shonna's residence. Shonna was home with her roommate, Bill Mahl, where they were watching T.V. Appellant knocked on the door and Shonna told him to go home because she did not have any of his belongings. Appellant repeatedly told Shonna to open the door and Shonna repeatedly refused to do so. Appellant forced the door open, breaking the doorjamb, and entered the residence without consent from either Shonna or Bill. After a brief verbal and physical confrontation, Bill was able to get appellant to leave their residence. Appellant returned to his friend's car, where she apologized to Bill before they drove away. The police were called, statements and photographs were taken, and appellant was later indicted on a burglary charge.
The case went to trial in July, 2001, where appellant argued that he broke into Shonna's residence out of necessity to help Shonna. He alleged that he believed Shonna and Bill were fighting and Shonna might need his help. The trial court found in favor of the State and convicted appellant of burglary. Appellant was sentenced to 180 days imprisonment in Medina County Jail.
Appellant timely appealed and has set forth one assignment of error for review.
 II. ASSIGNMENT OF ERROR "THE DEFENDANT-APPELLANT'S CONVICTION IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
In his sole assignment of error, appellant asserts that his conviction is against the manifest weight of the evidence. Specifically, appellant argues that the trial court erred in convicting him of burglary because he presented credible evidence of an affirmative defense of defense of others at trial. This Court disagrees.
In determining whether a conviction is against the manifest weight of the evidence, this Court reviews the entire record and "weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the [finder of fact] clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v. Thompkins (1997), 78 Ohio St.3d 380, 387, quoting State v. Martin (1983), 20 Ohio App.3d 172, 175.
Appellant was charged with burglary, in violation of R.C. 2911.12(A)(4), which states:
 "No person, by force, stealth, or deception, shall * * * trespass in a permanent or temporary habitation of any person when any person other than an accomplice of the offender is present or likely to be present."
The evidence provided at trial clearly showed that appellant used force to trespass in the permanent habitation of Shonna and Bill at a time when appellant knew Shonna and Bill were home. Both Shonna and Bill gave testimony that appellant knocked on their door, demanding entrance to their home. They both testified that Shonna and appellant communicated through the closed door and Shonna repeatedly told appellant to leave because she was not going to let him inside. Both Shonna and Bill testified that appellant proceeded to force the door open and enter their home against their wishes.
The State presented photographs to support Shonna and Bill's testimony that their door had been forced open and damaged by appellant. Officer Donald Searle also testified that he responded to Shonna and Bill's residence after they called 911 to report the incident to the police. Officer Searle took their statements on the day of the incident and he testified that Shonna and Bill's testimony was consistent with their statements to him.
Even appellant's own testimony corroborated the State's evidence showing that appellant committed burglary. The following is appellant's testimony in response to the State's questions:
 "Q: So, Mr. Francis, you admit you forced your way into the residence?
"A: Yes.
 "Q: No doubt about that, you weren't invited, you pushed your way in?
"A: Well, I would say, yes.
 "Q: And you knew that was somebody else's residence, and that somebody else was inside?
"A: Oh, yes, I knew they were inside."
After hearing the above evidence, the trial court concluded that all the elements of burglary were clearly met beyond a reasonable doubt in appellant's case.
Appellant argues that because he presented an affirmative defense of defense of others at trial, the judge erred in convicting appellant of burglary. The law provides that whenever an affirmative defense is presented to the court, the defendant bears the burden of proving such defense by a preponderance of the evidence. See State v. Martin (1986),21 Ohio St.3d 91.
In appellant's case, the only evidence he provided for his defense was his testimony that he forced himself into Shonna's home because he thought she was fighting with her roommate. It is well recognized that "the weight to be given the evidence and the credibility of the witnesses are primarily for the trier of the facts." State v. DeHass (1967),10 Ohio St.2d 230, paragraph one of the syllabus.
After observing all the witnesses, considering their various testimony, and judging the credibility of each witness, the trial court clearly found Shonna, Bill, and Officer Searle's testimony to be more credible than appellant's testimony. The trial court found appellant failed to prove his defense by a preponderance of the evidence. Rather, the trial court found that the weight of the evidence supported, beyond a reasonable doubt, that appellant indeed committed burglary. See State v.Tanner, 9th Dist. No. 3258-M, 2002-Ohio-2662. After careful review of the record, this Court concludes that the trier of fact did not lose its way and create a manifest miscarriage of justice when it found the evidence at trial weighed heavily against appellant. The trial court did not err in convicting appellant of burglary.
 III.
Accordingly, appellant's sole assignment of error is overruled. The judgment of the trial court is affirmed.
SLABY, P.J., BATCHELDER, J. CONCUR.