JOURNAL ENTRY and OPINION
{¶ 1} This case came to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 11.1. Defendant-appellant Wayne Williams appeals his domestic violence conviction, challenging the sufficiency and weight of the evidence.
 {¶ 2} The facts, as adduced at Williams' bench trial, are as follows:
 {¶ 3} On March 7, 2002, Williams and his girlfriend, Asia O'Neal ("the victim"), were at a bar, drinking alcohol and socializing. They left the bar together, and O'Neal drove down Martin Luther King Boulevard when they began to argue. At some point, the couple engaged in a physical altercation. Although O'Neal did not testify at trial, the city offered the testimony of two police officers who observed both O'Neal and Williams shortly after the incident when O'Neal drove directly to the police station after the fight.
 {¶ 4} The city's first witness testified, without objection, that the victim told her that Williams struck her as she drove the car. Both police officers testified that O'Neal had a large bump on her right temple and a swollen lip. They also testified that they observed a big clump of what appeared to be her hair on the ground beside the car. Although Williams told them O'Neal had struck him several times, they arrested and charged him with domestic violence because she was much smaller and her injuries were more serious.
 {¶ 5} Williams testified that O'Neal first struck him several times before he hit back. He also testified that he hit her only once with an open hand. He did not deny hitting her but attempted to show that he acted in self-defense. He admitted that the victim is the mother of his son.
 {¶ 6} The court found Williams guilty despite defense counsel's motions for acquittal pursuant to Crim.R. 29.
 {¶ 7} Williams raises the following assignments of error:
 {¶ 8} "I. The Trial Court Should Have Granted Defendant-Appellant's Rule 29 Motion for Acquittal as the Evidence Established the Affirmative Defense of Self-Defense to the Charge of O.R.C. 2919.25(A) by a Preponderance of the Evidence.
 {¶ 9} "II. The Defendant's Conviction of O.R.C. 2919.25(A) Was Against the Manifest Weight of the Evidence."
 {¶ 10} Williams first challenges the sufficiency of the evidence to sustain his conviction for domestic violence by claiming that he established the affirmative defense of self-defense by a preponderance of the evidence. When reviewing a claim by a defendant that evidence supports his claim of self-defense, the manifest weight standard is the proper standard of review because a defendant claiming self-defense does not seek to negate an element of the offense charged but rather seeks to relieve himself from culpability. State v. Martin (1986), 21 Ohio St.3d 91. A sufficiency challenge is premised upon the quantum of evidence adduced by the prosecution. A defendant's assertion on appeal that he has proven self-defense cannot be a sufficiency claim, but rather, must be reviewed under the standard for a manifest weight claim. State v. Roberts (2000),139 Ohio App.3d 757, 768. Therefore, we will address both assignments of error together as they relate to Williams' claim that he proved his affirmative defense of self-defense by a preponderance of the evidence.
 {¶ 11} The standard of review for a manifest weight challenge is summarized in State v. Martin (1983), 20 Ohio App.3d 172, 175, as follows:
 {¶ 12} "* * * The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." (Citations omitted.)
 {¶ 13} The weight of the evidence and credibility of the witnesses are primarily for the trier of fact. State v. DeHass (1967),10 Ohio St.2d 230, paragraph one of the syllabus. The power to reverse a judgment of conviction as against the manifest weight of the evidence must be exercised with caution and in only the rare case in which the evidence weighs heavily against the conviction. State v. Martin,20 Ohio App.3d at 175.
 {¶ 14} In determining whether a judgment of conviction is against the manifest weight of the evidence, this court in State v. Wilson, Cuyahoga App. 64442/64443, 1994-Ohio-2508, adopted the guidelines set forth in State v. Mattison (1985), 23 Ohio App.3d 10. These factors, which this court noted are in no way exhaustive, include:
 {¶ 15} "(1) knowledge that even a reviewing court is not required to accept the credible as true; (2) whether evidence is uncontradicted; (3) whether a witness was impeached; (4) attention to what was not proved; (5) the certainty of the evidence; (6) the reliability of the evidence; (7) the extent to which a witness may have a personal interest to advance or defend their testimony; and (8) the extent to which the evidence is vague, uncertain, conflicting or fragmentary."
 {¶ 16} A reviewing court will not reverse a verdict where the trier of fact could reasonably conclude from substantial evidence that the prosecution proved the offense beyond a reasonable doubt. State v.Eley (1978), 56 Ohio St.2d 169.
 {¶ 17} R.C. 2919.25(A), the domestic violence statute, provides: "No person shall knowingly cause or attempt to cause physical harm to a family or household member." The elements of self-defense are set forth in State v. Williford (1990), 49 Ohio St.3d 247. To establish self-defense as an affirmative defense, the defendant must establish the following by a preponderance of the evidence: (1) that he was not at fault in creating the situation giving rise to the affray; (2) that he had a bona fide belief that he was in imminent danger of death or great bodily harm and that his only means of escape from such danger was in the use of such force; and (3) that he must not have violated any duty to retreat or avoid danger. Id. at 249. The elements of self-defense are cumulative and, if the defendant failed to prove any one of the elements by a preponderance of the evidence, he failed to demonstrate that he acted in self-defense. Id.
 {¶ 18} Crim.R. 29 provides:
 {¶ 19} "The court on motion of a defendant or on its own motion, after the evidence on either side is closed, shall order the entry of a judgment of acquittal of one or more offenses charged in the indictment, information, or complaint, if the evidence is insufficient to sustain a conviction of such offense or offenses. The court may not reserve ruling on a motion for judgment of acquittal made at the close of the state's case."
 {¶ 20} A motion for acquittal pursuant to Crim.R. 29 is, in essence, a claim of insufficient evidence. An appellate court's function when reviewing a claim of insufficient evidence under Crim.R. 29 was set forth by the Ohio Supreme Court in State v. Jenks (1991),61 Ohio St.3d 259, paragraph two of syllabus, as follows:
 {¶ 21} "An appellate court's function when reviewing the sufficiency of evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether after reviewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." However, Williams does not challenge the trial court's finding that the city proved all the elements of domestic violence beyond a reasonable doubt. Rather, as previously stated, his argument is premised upon his affirmative defense of self-defense. Therefore, the court reviews the evidence in this case in accordance with the manifest weight standard.
 {¶ 22} Reviewing the evidence in this case, we conclude that Williams' affirmative defense of self-defense is not supported by a preponderance of the evidence. Williams claimed he hit the victim only once with an open hand. He also claimed the victim struck him first. However, the victim told police that Williams struck her first as she operated the motor vehicle. Thus, his testimony was contradicted.
 {¶ 23} Moreover, there was undisputed evidence that the victim sustained a substantial bump on her head and a swollen lip. There was also no evidence challenging the police officers' testimony that they observed a clump of what appeared to be the victim's hair on the ground beside her car. The victim could not have sustained all of these injuries from one slap with an open hand. Also, Williams had a personal interest to advance with his testimony which may have cast doubt on his credibility. Therefore, a review of the record demonstrates that the fact finder did not lose its way and create a manifest miscarriage of justice in finding Williams guilty of domestic violence. His conviction is supported by substantial, credible evidence upon which the trier of fact could reasonably have concluded that the elements of his claim of self-defense were not proven by a preponderance of the evidence.
 {¶ 24} Williams' assignments of error are not well taken.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cleveland Municipal Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
TERRENCE O'DONNELL, J. and DIANE KARPINSKI, J. CONCUR.
N.B. This entry is an announcement of the court's decision. See App.R. 22(B), 22(D) and 26(A); Loc. App.R. 22. This decision will be journalized and will become the judgment and order of the court pursuant to App.R. 22(E) unless a motion for reconsideration with supporting brief, per App.R. 26(A), is filed within ten (10) days of the announcement of the court's decision. The time period for review by the Supreme Court of Ohio shall begin to run upon the journalization of this court's announcement of decision by the clerk per App.R. 22(E). See, also, S.Ct.Prac.R. II, Section 2(A)(1).