[Cite as *State v. Colon*, 2018-Ohio-1507.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 106031**

**STATE OF OHIO**

PLAINTIFF-APPELLEE

vs.

**SIXTO COLON**

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-16-612410-A

**BEFORE:** E.A. Gallagher, A.J., S. Gallagher, J., and Blackmon, J.

**RELEASED AND JOURNALIZED:** April 19, 2018

**ATTORNEY FOR APPELLANT**

John F. Corrigan
19885 Detroit Road, #335
Rocky River, Ohio 44116


**ATTORNEYS FOR APPELLEE**

Michael C. O'Malley
Cuyahoga County Prosecutor
BY: John Farley Hirschauer
Assistant Prosecuting Attorney
The Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio 44113

EILEEN A. GALLAGHER, A.J.:

**{¶1}** Defendant-appellant Sixto Colon appeals his aggravated assault conviction from the Cuyahoga County Court of Common Pleas. We affirm.

### Factual and Procedural Background

**{¶2}** In 2017 Colon was charged with one count of felonious assault. The case proceeded to a jury trial.

**{¶3}** Evidence was presented that, on December 8, 2016, Colon assaulted Samuel Gali near Gali's home on Hancock Avenue in Cleveland, Ohio. Gali was over 80 years old at the time of the incident, lived across the street from Colon and had previously clashed with Colon over Colon's perception that Gali was "nosey." Gali's nephew, Carlos Torres, testified that Colon had complained about Gali and warned Torres that if he didn't take care of Gali, Colon would "slap him."

**{¶4}** Gali testified that on December 8, 2016, he was cutting and cleaning shrubbery in a neighbor's yard with a machete and broom. During this time Colon's dog appeared and barked at Gali. Gali responded by telling the dog to "shut up." Gali testified that Colon then caught him off guard and jumped on top of him, hitting him in the face several times until he was rendered unconscious. Gali was transported to MetroHealth and treated for contusions and lacerations to his head and face as well as a nasal bone fracture. Gali's injuries were documented in medical records and photographs introduced at trial.

**{¶5}** Hector Cruz testified that he was at work remodeling a home on Hancock Avenue the morning of December 8, 2016 when he saw Colon on top of Gali, punching him. Cruz yelled for Colon to stop and Colon got off Gali and kicked him once in the ribs before walking away. Cruz did not see Gali returning any punches. Cruz observed a machete leaning against

the house nearest to the fight but did not see anyone wield the machete. Cruz recognized Colon as a resident who lived on Hancock but did not know Gali. After the fight, Cruz instructed his sister to call 911.

{¶6} Manuel Ramos testified that he was acquainted with Colon as a neighbor with whom he occasionally "hung out" and that he was walking his dog the morning of December 8, 2016 when, from roughly 70 or 80 yards away, he saw Gali hit Colon with what looked like a bat and then Colon appeared to turn around and push Gali to the ground before continuing to his home. When he walked closer to the scene of the incident, Ramos observed a machete "on the floor when I was walking by."

{¶7} Colon testified that he left his house the morning of December 8, 2016 to purchase coffee at McDonald's and that he encountered Gali as he was returning home. He further testified that Gali charged at him with a machete in his hand and said "whats [sic] up now?" in Spanish. Colon denied having any prior, significant confrontation with Gali but later admitted that he had confronted Gali the day prior to the incident about allegedly poking his dog with a rake. Colon also admitted that he told police that he had warned Torres that if his uncle didn't stop bothering him he was going "to get himself into a situation."

{¶8} Colon testified that in response to the threatening move by Gali, he stated, "you're not going to do nothing with that knife in your hand." According to Colon, Colon turned to walk away and Gali struck him in the back of the neck with the machete and that he, then, turned and "gave him a jab" in the face. Gali twice raised his arm to swing the machete and each time Colon struck Gali in the face. After the third strike Gali dropped the machete and crumpled to the ground. Colon then entered his home and left for work shortly thereafter. Colon denied striking Gali while he was on the ground and claimed that Hector Cruz was lying and not present

at the time of the confrontation. Colon's girlfriend, Duranna Cuevas testified that she witnessed the incident from a window in the home she shared with Colon. Her testimony was consistent with Colon's account.

{¶9} Colon had a coworker take pictures of his neck later that day. The pictures reflected a red mark on the back of Colon's neck.

{¶10} The jury returned a guilty verdict of aggravated assault, a lesser included offense of felonious assault. The trial court imposed a prison term of 12 months and ordered restitution in the amount of $203.41 in favor of Gali.

**Law and Analysis**

**I. The Burden of Proof for Self-Defense**

{¶11} In his first assignment of error, Colon argues that R.C. 2901.05(A), which requires the defendant to bear the burden of proof when raising a self-defense claim, is unconstitutional.

{¶12} Colon concedes that the United States Supreme Court upheld the constitutionality of R.C. 2901.05(A) in *Martin v. Ohio*, 480 U.S. 228, 107 S.Ct. 1098, 94 L.Ed.2d 267 (1987). Colon argues that the holding in *Martin* has been invalidated by the Court's subsequent decision in *Dist. of Columbia v. Heller*, 554 U.S. 570, 128 S.Ct. 2783, 171 L.Ed.2d 637 (2008).

{¶13} We rejected an identical challenge in *State v. Porter*, 2016-Ohio-1115, 61 N.E.3d. 589 (8th Dist.), explaining that, while *Heller* recognizes the right to self-defense, "nothing in Heller purports to alter the way the states have defined self-defense." *Id*. at ¶ 45, quoting *State v. Warmus*, 197 Ohio App.3d 383, 2011-Ohio-5827, 967 N.E.2d 1223, ¶ 47 (8th Dist.). *See also State v. Betliskey*, 8th Dist. Cuyahoga No. 101330, 2015-Ohio-1821; *State v. Hudson*, 8th Dist. Cuyahoga No. 96986, 2012-Ohio-1345. We also noted that, as an inferior court to the United

States Supreme Court, we are bound to follow the *Martin* decision and have no authority to overturn it. *Porter* at ¶ 47.

**{¶14}** Colon's first assignment of error is overruled.

**II. Manifest Weight**

**{¶15}** In his second assignment of error, Colon argues that the jury's verdict that he failed to prove self-defense was against the manifest weight of the evidence.

**{¶16}** When reviewing a claim by a defendant that evidence supports his claim of self-defense, the manifest-weight standard is the proper standard of review because a defendant claiming self-defense does not seek to negate an element of the offense charged but rather seeks to relieve himself from culpability. *Cleveland v. Williams*, 8th Dist. Cuyahoga No. 81369, 2003-Ohio-31, ¶10, citing *State v. Martin*, 21 Ohio St.3d 91, 488 N.E.2d 166 (1986).

**{¶17}** A manifest weight challenge attacks the credibility of the evidence presented and questions whether the state met its burden of persuasion at trial. *State v. Whitsett*, 8th Dist. Cuyahoga No. 101182, 2014-Ohio-4933, ¶ 26, citing *Thompkins*, 78 Ohio St.3d 380, 387, 1997-Ohio-52, 678 N.E.2d 541; *State v. Bowden*, 8th Dist. Cuyahoga No. 92266, 2009-Ohio-3598, ¶ 13. Because it is a broader review, a reviewing court may determine that a judgment of a trial court is sustained by sufficient evidence, but nevertheless conclude that the judgment is against the weight of the evidence.

**{¶18}** "When considering an appellant's claim that a conviction is against the manifest weight of the evidence, the court of appeals sits as a 'thirteenth juror' and may disagree with the factfinder's resolution of conflicting testimony." *Thompkins* at 387, quoting *Tibbs v. Florida*, 457 U.S. 31, 42, 102 S.Ct. 2211, 72 L.Ed.2d 652 (1982). The reviewing court must examine the entire record, weigh the evidence and all reasonable inferences, consider the witnesses'

credibility, and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. *Thompkins* at 387, citing *State v. Martin*, 20 Ohio App.3d 172, 485 N.E.2d 717 (1st Dist.1983). In conducting such a review, this court remains mindful that the credibility of witnesses and the weight of the evidence are matters primarily for the trier of fact to assess. *State v. DeHass*, 10 Ohio St.2d 230, 227 N.E.2d 212 (1967), paragraphs one and two of the syllabus. Reversal on manifest weight grounds is reserved for the "exceptional case in which the evidence weighs heavily against the conviction." *Thompkins* at 387, quoting *Martin*, *supra*.

{¶19} In Ohio, self-defense is an affirmative defense that a defendant must prove by a preponderance of the evidence. R.C. 2901.05(A); *State v. Goff*, 128 Ohio St.3d 169, 2010-Ohio-6317, 942 N.E.2d 1075, ¶ 36. To prevail on a claim of self-defense, a defendant must prove three elements: (1) the defendant was not at fault in "creating the situation giving rise to the affray"; (2) the defendant had a bona fide belief that he or she was in imminent danger of death or great bodily harm and that the only means of escape from such danger was through the use of force and (3) the defendant did not violate any duty to retreat or avoid the danger. *State v. Callahan*, 2016-Ohio-2934, 65 N.E.3d 155, ¶ 25 (8th Dist.), citing *State v. Barnes*, 94 Ohio St.3d 21, 2002-Ohio-68, 759 N.E.2d 1240; *Goff* at ¶ 36.

{¶20} In this instance we cannot say that the jury lost its way in believing the accounts of the assault provided by Gali and Cruz over those of Colon, Cuevas and Ramos. Ramos's testimony lacked credibility because his description of events was incompatible with the injuries suffered by Gali and he had a social relationship with Colon. The jury was in the best position to weigh the credibility of the other witnesses and resolve the conflicts in the evidence. This is not the exceptional case where the evidence weighs heavily against the conviction.

**{¶21}** Judgment affirmed.

It is ordered that appellee recover from appellant the costs herein taxed.

The court finds that there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


_____
EILEEN A. GALLAGHER, ADMINISTRATIVE JUDGE

SEAN C. GALLAGHER, J., and
PATRICIA A. BLACKMON, J., CONCUR