THE STATE OF OHIO, APPELLANT, *v.* WILLIFORD, APPELLEE.

[Cite as State *v.* Williford (1990), 49 Ohio St. 3d 247.]

(No. 88-1271—Submitted November 15, 1989—Decided March 14, 1990.)

*John T. Corrigan,* prosecuting attorney, and *Christa D. Brunst,* for appellant.

*James R. Willis,* for appellee.

H. BROWN, J. In the instant case, we must determine whether the failure to instruct the jury on retreat and defense of family was error, and, if so, whether the errors were preserved for appeal. We answer these questions in the affirmative and affirm the decision by the court of appeals.

I

Under Ohio law, self-defense is an affirmative defense. *State* v. *Martin* (1986), 21 Ohio St. 3d 91, 21 OBR 386, 488 N.E. 2d 166, affirmed *Martin* v. *Ohio* (1987), 480 U.S. 228. To establish self-defense, the defendant must show "* * * (1) * * * [he] was not at fault in creating the situation giving rise to the affray; (2) * * * [he] has [*sic*] a bona fide belief that he was in imminent danger of death or great bodily harm and that his only means of escape from such danger was in the use of * * * force; and (3) * * * [he] must not have violated any duty to retreat or avoid the danger. * * *" *State* v. *Robbins* (1979), 58 Ohio St. 2d 74, 12 O.O. 3d 84, 388 N.E. 2d·755, paragraph two of the syllabus. The defendant is privileged to use that force which is reasonably necessary to repel the attack. *State* v. *McLeod* (1948), 82 Ohio App. 155, 157, 37 O.O. 522, 522-523, 80 N.E. 2d 699, 700. "If the defendant fails to prove *any one* of these elements by a preponderance of the evidence he has failed to demonstrate that he acted in self-defense." (Emphasis *sic.*) *State* v. *Jackson* (1986), 22 Ohio St. 3d 281, 284, 22 OBR 452, 455, 490 N.E. 2d 893, 897, certiorari denied (1987), 480 U.S. 917.

The jury instruction in the instant case correctly explained this basic standard. Appellee agrees, but argues that there should have been a further instruction that he was privileged to defend the members of his family, and that he was under no duty to retreat from his home.

### Defense of Family

Ohio law has long recognized a privilege to defend the members of one's family. *Sharp* v. *State* (1850), 19

Ohio 379, 387 ("It is conceded that parent and child, husband and wife, master and servant would be excused, should they even kill an assailant in the necessary defense of each other."); *State* v. *Sheets* (1926), 115 Ohio St. 308, 309, 152 N.E. 664. As the court of appeals stated, if appellee, "in the careful and proper use of his faculties, in good faith and upon reasonable ground believed that his wife and family were in imminent danger of death or serious bodily harm * * * [appellee] was entitled to use such reasonably necessary force, even to the taking of life, to defend his wife and family as he would be entitled to use in defense of himself."

Appellee presented testimony that Carter was threatening Mrs. Williford with physical harm from the beginning of the altercation. A properly instructed jury, if it believed this testimony, could have found that appellee was acting in defense of his wife throughout the altercation. Further, appellant has never contended that Mrs. Williford would not have been privileged to use force in her own defense. The failure to instruct on defense of family was error.

### No Duty to Retreat

In most circumstances, a person may not kill in self-defense if he has available a reasonable means of retreat from the confrontation. *Jackson, supra,* at 283-284, 22 OBR at 454, 490 N.E. 2d at 896; *Robbins, supra,* at 79-81, 12 O.O. 3d at 87-88, 388 N.E. 2d at 758-759; *Marts* v. *State* (1875), 26 Ohio St. 162, 167-168. However, "[w]here one is assaulted in his home, or the home itself is attacked, he may use such means as are *necessary* to repel the assailant from the house, or to prevent his forcible entry, or material injury to his home, even to the taking of life." *State* v. *Peacock* (1883), 40 Ohio St. 333, 334. Implicit in this statement of law is the rule that there is no duty to retreat from one's home. See *Jackson, supra,* at 284, 22 OBR at 454, 490 N.E. 2d at 896.

In the instant case, there was testimony that the confrontation took place inside appellee's house and on appellee's porch. Because the jury was not instructed on the *Peacock* rule, it might have believed that appellee was under a duty to retreat from his home. It was therefore error for the court to fail to give this instruction.

### Were the Errors Harmless?

Appellant argues that, in returning a guilty verdict, the jury impliedly found that appellee's testimony on the first two elements of self-defense was not credible, and, therefore, appellee could not have prevailed even if the jury had been properly instructed.

We find this argument unpersuasive. Due to the nature of the evidence, the jury may have based its verdict on any one of several theories. It might have accepted appellant's version of the facts, finding that appellee lured Carter onto the porch and killed him in cold blood. It might have found that appellee acted in self-defense, or in defense of his wife, but used more force than was reasonably necessary. It might have mistakenly concluded that appellee violated a duty to retreat from his home. It might have found that appellee was acting to protect his wife from imminent danger of serious bodily harm, but mistakenly believed that he had no privilege to do so. The record gives no basis upon which to prefer any one of these explanations for the verdict.

Appellant cites *Jackson, supra,* as controlling. In *Jackson,* the defendant was charged with killing his homosexual lover in a fit of jealous anger. Defendant pled not guilty by reason of self-defense. *Jackson, supra,* at 281, 22 OBR at 452, 490 N.E. 2d at 894-895.

He claimed prejudicial error because the trial court refused to give an instruction that he had no duty to retreat from his home. *Id.* at 284, 22 OBR at 455, 490 N.E. 2d at 897.

Jackson and his victim fought outside Jackson's apartment. *Id.* at 284-285, 22 OBR at 455, 490 N.E. 2d at 897. After the fight was broken up, Jackson threatened to kill the victim, then immediately went into his apartment to get his gun. As the victim was walking up the porch stairs to retrieve some belongings from Jackson's apartment, Jackson shot him. The victim was not carrying a weapon. *Id.* at 285, 22 OBR at 455, 490 N.E. 2d at 897. We noted that the witnesses who testified in support of Jackson's claim of self-defense were "thoroughly discredited," and found the error to be harmless. *Id.*

The facts of *Jackson* differ greatly from those in the instant case. Jackson failed to raise a remotely colorable claim of self-defense. Here, appellee presented testimony which, if believed by a properly instructed jury, would have supported an acquittal. We cannot say that the errors in the instant case were harmless.

## II

The court of appeals found that appellee's failure to tender instructions in writing pursuant to Crim. R. 30(A) waived any error. However, the court of appeals reversed and remanded for a new trial because it considered the failure to correctly instruct the jury to be plain error.

Crim. R. 30(A) states:

"At the close of the evidence or at such earlier time during the trial as the court reasonably directs, any party may file written requests that the court instruct the jury on the law as set forth in the requests. Copies of such requests shall be furnished to all other parties at the time of making such requests. The court shall inform counsel of its proposed action upon the requests prior to their arguments to the jury, but the court shall instruct the jury after the arguments are completed. The court need not reduce its instructions to writing.

"A party may not assign as error the giving or failure to give any instructions unless he objects thereto before the jury retires to consider its verdict, stating specifically the matter to which he objects and the grounds of his objection. Opportunity shall be given to make the objection out of the hearing of the jury."

We have repeatedly held that a failure to object before the jury retires in accordance with the second paragraph of Crim. R. 30(A), absent plain error, constitutes a waiver. *State* v. *Underwood* (1983), 3 Ohio St. 3d 12, 3 OBR 360, 444 N.E. 2d 1332; *State* v. *Long* (1978), 53 Ohio St. 2d 91, 7 O.O. 3d 178, 372 N.E. 2d 804; *State* v. *Lane* (1976), 49 Ohio St. 2d 77, 3 O.O. 3d 45, 358 N.E. 2d 1081; *State* v. *Lockett* (1976), 49 Ohio St. 2d 48, 3 O.O. 3d 27, 358 N.E. 2d 1062, reversed on other grounds *Lockett* v. *Ohio* (1978), 438 U.S. 586; *State* v. *Roberts* (1976), 48 Ohio St. 2d 221, 2 O.O. 3d 399, 358 N.E. 2d 530.

### A

In the instant case, appellee's counsel objected to the lack of an instruction on the *Peacock* "no retreat" rule before the jury retired. However, appellee did not proffer a "no retreat" instruction.

The absence of a "no retreat" instruction was erroneous because it rendered the jury instructions incomplete. A criminal defendant has a right to expect that the trial court will give complete jury instructions on all issues raised by the evidence. See,

generally, *State* v. *Procter* (1977), 51 Ohio App. 2d 151, 5 O.O. 3d 309, 367 N.E. 2d 908 (prejudicial error for jury instructions to omit defense of duress where it is properly supported by evidence); *State* v. *Bridgeman* (1977), 51 Ohio App. 2d 105, 5 O.O. 3d 275, 366 N.E. 2d 1378 (failure to instruct jury on all elements and specifications of the crime charged is plain error). Additionally, it is not realistic to expect counsel to anticipate errors of omission or misstatements of the law in the trial court's instructions and proffer written instructions in order to preserve possible errors for appeal. Accordingly, we hold that, where the trial court fails to give a complete or correct jury instruction on the elements of the offense charged and the defenses thereto which are raised by the evidence, the error is preserved for appeal when the defendant objects in accordance with the second paragraph of Crim. R. 30(A), whether or not there has been a proffer of written jury instructions in accordance with the first paragraph of Crim. R. 30(A). We therefore affirm the judgment of the court below as to this issue, though on different grounds.[1]

### B

Appellee did not proffer instructions, or object to the lack of instructions, on defense of family. Accordingly, we must determine whether the lack of such instruction was plain error within the meaning of Crim. R. 52(B). The plain error rule should not be invoked unless, but for the error, the outcome of the trial would clearly have been otherwise. *State* v. *Cooperrider* (1983), 4 Ohio St. 3d 226, 227, 4 OBR 580, 581, 448 N.E. 2d 452, 453. The application of the rule is to prevent manifest injustice. *Id.*

In the instant case, the evidence presented by appellee, if believed by a properly instructed jury, would support an acquittal on the grounds of defense of family. The court below

---

[1] The court of appeals read our decision in *State* v. *Fanning* (1982), 1 Ohio St. 3d 19, 1 OBR 57, 437 N.E. 2d 583, as standing for the proposition that "the ostensibly permissive language in paragraph one of Crim. R. 30(A) is mandatory * * *."

In *Fanning,* the defendant claimed reversible error from the failure to give an instruction that the jury should draw no inferences from his exercise of his Fifth Amendment right not to testify. *Id.* at 20, 1 OBR at 58, 437 N.E. 2d at 584. The United States Supreme Court has held that a trial judge is constitutionally obligated to give such an instruction "upon proper request" by the defendant. *Carter* v. *Kentucky* (1981), 450 U.S. 288, 305. We held that there was no error because defendant failed to make a "proper request" by proffering a written jury instruction in accordance with the first paragraph of Crim. R. 30(A). *Fanning, supra,* at 21, 1 OBR at 59, 437 N.E. 2d at 585.

*Fanning* is distinguishable. The trial judge in that case was not required to give the instruction unless the defendant requested it; thus, the omission of the requested instruction would not be reversible error. Nor would it be where the defendant is in effect arguing for a change in the law, see, *e.g., Jackson, supra,* at 281-283, 22 OBR at 452-454, 490 N.E. 2d at 894-896 (defendant's proffered instructions would have placed the burden on the state to disprove self-defense beyond a reasonable doubt). In those situations the defendant must both make a written proffer and object in order to preserve the error for appeal. But, see, *State* v. *Wolons* (1989), 44 Ohio St. 3d 64, 541 N.E. 2d 443 (defendant need not formally object where trial court has been apprised of governing law and defendant has been unsuccessful in obtaining inclusion of that law in the jury instructions).

noted, "[t]he failure of the trial court to so instruct the jury affected [appellee's] substantial rights, and may well have contributed to his conviction." We cannot say that, but for this error, the outcome of the trial would *clearly* have been otherwise. However, when this error is combined with the failure to give a proper "no retreat" instruction, we believe it rises to the level of plain error.

Accordingly, the judgment of the court of appeals is affirmed and the cause is remanded for a new trial consistent with this opinion.

*Judgment affirmed.*

SWEENEY, HOLMES and WRIGHT, JJ., concur.

MOYER, C.J., DOUGLAS and RES-NICK, JJ., dissent.

ALICE ROBIE RESNICK, J., dissenting. I must respectfully dissent from the majority's holding that it was reversible error for the trial court to fail to instruct the jury on duty to retreat and plain error for the court not to instruct on defense of family. The majority in this case takes a quantum leap in determining that the failure of the trial court to instruct the jury as to defense of family rises to plain error. We have stated on many occasions that in order for an unrequested or unobjected-to jury instruction to rise to the level of plain error, it must appear on the face of the record not only that the error was committed, but that, except for the error, the result of the trial clearly would have been otherwise and that not to consider the error would result in a clear miscarriage of justice. Accord *State* v. *Underwood* (1983), 3 Ohio St. 3d 12, 3 OBR 360, 444 N.E. 2d 1332; *State* v. *Cooperrider* (1983), 4 Ohio St. 3d 226,

4 OBR 580, 448 N.E. 2d 452. In addition, we stated at the third syllabus in *State* v. *Long* (1978), 53 Ohio St. 2d 91, 7 O.O. 3d 178, 372 N.E. 2d 804, "notice of plain error under Crim. R. 52(B) is to be taken with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice."

In holding that an instruction on duty to retreat should have been given, the majority relies on *State* v. *Peacock* (1883), 40 Ohio St. 333, wherein this court stated that "[w]here one is assaulted in his home, or the home itself is attacked, he may use such means as are *necessary* to repel the assailant from the house, or to prevent his forcible entry, or material injury to his home, even to the taking of life. But a homicide in such a case would not be justifiable unless the slayer, in the careful and proper use of his faculties, *bona fide believes,* and has reasonable ground to believe that the killing *is necessary* to repel the assailant or prevent his forcible entry." (Emphasis *sic.*) *Id.* at 334. These are not the facts of the case before us.

In this case, the evidence conflicts as to exactly what took place. It is not clear whether the appellee invited the victim to come to his home to determine whether it was appellee's wife who had been calling the police regarding him. The victim had been drinking but at no time did he threaten to use, exhibit or imply that he had a deadly weapon or any type of instrument on or about his person or ready at hand so that he was capable of inflicting death or great bodily harm to the appellee. Before it is reversible error for a court to fail to instruct as to duty to retreat the accused must have presented evidence sufficient, if believed, to establish by a preponderance of the evidence that he had in fact acted in self-defense. In order for the accused

to maintain his burden he must establish "* * * (1) the slayer was not at fault in creating the situation giving rise to the affray; (2) the slayer has [*sic*] a bona fide belief that he was in imminent danger of death or great bodily harm and that his only means of escape from such danger was in the use of such force; and (3) the slayer must not have violated any duty to retreat or avoid the danger." See *State v. Robbins* (1979), 58 Ohio St. 2d 74, 12 O.O. 3d 84, 388 N.E. 2d 755, at paragraph two of the syllabus. *State v. Jackson* (1986), 22 Ohio St. 3d 84, 22 OBR 452, 490 N.E. 2d 893. Once again we made it clear in *Jackson, supra,* citing *Robbins, supra,* that "the elements of self-defense are cumulative. * * * If the defendant fails to prove *any one* of these elements by a preponderance of the evidence he has failed to demonstrate that he acted in self-defense." (Emphasis *sic.*) *Jackson, supra,* at 284, 22 OBR at 455, 490 N.E. 2d at 897.

Prior to reaching the issue of whether it was reversible error for the trial court to fail to instruct on duty to retreat and plain error for the trial court to fail to instruct on defense of family, we must consider the evidence presented in the instant case, since we stated in *State v. Guster* (1981), 66 Ohio St. 2d 266, 271, 20 O.O. 3d 249, 252, 421 N.E. 2d 157, 160, that "* * * a court's instructions to the jury should be addressed to the actual issues in the case as posited by the evidence and the pleadings." The evidence in this case is extremely weak as to self-defense. In fact it would be possible for a reasonable trier of fact not to have found that appellee had established self-defense in the first instance. As stated earlier, at no time did the victim exhibit any ability to inflict death or great bodily harm upon appellee or any member of his family. He was unarmed. It appears that the appellee left the initial encounter on the porch, entered his house and retrieved a gun, came back out on the porch and fired a shot at the victim and continued to fire additional shots.

The evidence in this case was so conflicting that an appellate court should not substitute its judgment for that of the trier of fact. When evidence is as confusing as to self-defense as it was in this case, it is the function of the jury to determine credibility of witnesses, since they were in a position to see and hear the witnesses and determine who is believable and who is not.

The trial counsel failed to request an instruction on defense of family. In addition, he did not object to the failure of the trial court to give such an instruction. One reason for this failure on the part of trial counsel could have been that there was no credible evidence to support such an instruction. According to the person that was with the victim, the victim was not the aggressor to any of these acts as evidenced by the record. There is no evidence that he was armed with any type of weapon. Furthermore, it is undisputed that appellee left the victim on the porch and entered his home, and that he did not lock the door or call the police. Instead, he retrieved a gun, went back out on the porch and reinitiated the affray. In view of the state of the evidence, the failure of the trial court to give such instruction as to defense of family reaffirms our statement in *State v. Cooperrider, supra,* at 227, 4 OBR at 581, 448 N.E. 2d at 453, "* * * that an erroneous jury instruction 'does not constitute a plain error or defect under Crim. R. 52(B) unless, but for the error, the outcome of the trial clearly would have been otherwise.' *State v. Long* (1978), 53 Ohio St.

2d 91, 97 [7 O.O. 3d 178, 181, 372 N.E. 2d 804, 808].''

Additionally, since there was no credible evidence establishing the need for the trial court to give an instruction on duty to retreat, its failure to give such an instruction does not amount to reversible error.

In the case before us there has been no showing that if these instructions had been given the result would have been different, especially in view of the fact that it is uncontroverted that the victim was unarmed. This case does not rise to reversible error nor should the plain error doctrine have been invoked since there was no miscarriage of justice due to the state of the evidence. For all the foregoing reasons I would reverse the court of appeals and reinstate the judgment of the trial court.

MOYER, C.J., and DOUGLAS, J., concur in the foregoing dissenting opinion.