919 F.2d 140
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
George CURLEY, Petitioner-Appellant,
v.
Terry L. MORRIS, Supt., Respondent-Appellee.
 No. 89-3957.
 United States Court of Appeals, Sixth Circuit.
 Dec. 5, 1990.
 
 1
 Before WELLFORD and ALAN E. NORRIS, Circuit Judges, and FORESTER, District Judge.*
 
 ORDER
 
 2
 George Curley, a pro se Ohio prisoner, appeals the district court's denial of his motion for relief from judgment filed pursuant to Fed.R.Civ.P. 60(b)(5). The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Curley was convicted by a jury of involuntary manslaughter and was sentenced to eighteen to twenty-five years imprisonment. His conviction was affirmed by the Ohio Court of Appeals, and the Ohio Supreme Court denied discretionary review. Curley, who was then represented by counsel, filed his habeas petition raising eleven claims contesting the legality of his conviction. The magistrate recommended the petition be denied, finding that the claims did not warrant habeas relief. The district court adopted the magistrate's recommendation after reviewing Curley's objections. This court affirmed the district court's judgment, and later denied Curley's petition for rehearing en banc. The United States Supreme Court later denied a petition for a writ of certiorari.
 
 
 4
 Thereafter, Curley filed the instant motion for relief from judgment pursuant to Fed.R.Civ.P. 60(b)(5). Curley alleged that his conviction should be vacated because the decisions which formed the basis for the trial court's jury instructions on self-defense have since been overturned by the Ohio Court of Appeals' opinion in State v. Williford, Case No. 54193 (Ohio App. May 19, 1988), aff'd, 551 N.E.2d 1279 (Ohio 1990). In Williford, the court held that the defendant was entitled to a jury instruction that a person assaulted in his home has no duty to retreat. The district court denied the motion, finding that Williford did not alter previous Ohio law, and that the denial of the habeas petition was based upon the federal Constitution, not Ohio law. The court later denied, in a marginal order, Curley's motion to alter or amend the judgment filed pursuant to Fed.R.Civ.P. 59(e).
 
 
 5
 On appeal, petitioner moves for the appointment of counsel, and continues to argue that his conviction should be vacated based upon the Williford decision.
 
 
 6
 Upon review, we shall affirm the district court's judgment because this case does not warrant relief under Fed.R.Civ.P. 60(b)(5). At the time of Curley's trial, Ohio law mandated that there was no duty to retreat in one's own home. See Graham v. State, 98 Ohio St.77, 79 (1918); State v. Peacock, 40 Ohio St. 333, 334 (1883). Therefore, Williford did not change existing law. Rather, the Williford court found that a no duty to retreat instruction was warranted under the particular facts of that case. Consequently, this case does not warrant relief under Fed.R.Civ.P. 60(b)(5) because there has been no change in Ohio law. Finally, we note that this same issue has already been reviewed by both this court and the United States Supreme Court. Curley has not asserted any additional grounds that were not previously considered.
 
 
 7
 Accordingly, the motion for counsel is denied, and the district court's judgment is hereby affirmed pursuant to Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 8
 Judge Wellford dissented in the prior disposition of this case, No. 87-4070, decided August 4, 1988, and would adhere to that position.
 
 
 
 *
 The Honorable Karl S. Forester, U.S. District Judge for the Eastern District of Kentucky, sitting by designation