OPINION
Defendant-appellant, Don Nicole Lay, appeals from an order divesting her of parental rights to her children, Charles Bratton, age 7; Michael Lay, age 6; and Marcus Landers, age 2. Appellant asserts a single assignment of error on appeal:
 APPELLANT WAS PREJUDICED BY THE GUARDIAN AD LITEM'S FAILURE TO SUBMIT A WRITTEN REPORT, AS REQUIRED BY R.C. 2151.414(C).
Appellant argues that the trial court erred in allowing the guardian ad litem to submit a written report on the date of the permanent custody hearing but reserving recommendation on final adjudication until all the evidence was presented.
The role of a guardian ad litem is to "investigate the ward's situation and then to ask the court to do what the guardian feels is in the child's best interest." In re Baby Girl Baxter (1985),17 Ohio St.3d 229, 232. The guardian ad litem is required to submit a report pursuant to R.C. 2151.414(C) which provides in pertinent part:
 A written report of the guardian ad litem of the child shall be submitted to the court prior to or at the time of the hearing held pursuant to division (A) of this section or section 2151.35 of the Revised Code, but shall not be submitted under oath.
Appellant argues that the guardian ad litem did not submit a written report. A review of the record does not support this contention. The record reveals that the guardian ad litem submitted a written report to the court on March 21, 1997, the first day of the permanent custody hearing. The guardian ad litem's report consisted of the following:
 Pursuant to 2151.414 O.R.C., the Guardian-adlitem, having reviewed all the reports provided to this person by Butler County Juvenile Court in regard to the above captioned child hereby recommends that this matter be heard upon a motion for permanent custody. The Guardian-adlitem reserves recommendation on final adjudication and disposition until all the evidence has been presented to the Court.
The guardian ad litem was not only present at the permanent custody hearing, but participated in the hearing by examining several witnesses. Furthermore, the guardian ad litem did submit his written report "prior to or at the time of the hearing," but withheld making a recommendation until after all the testimony had been presented. Appellant argues that because the guardian ad litem made an oral recommendation, that she was prejudiced because she was not given an opportunity to examine this report for error or bias. Appellant further argues that she was prejudiced by her inability to impeach or refute this oral recommendation. However, we find nothing in the record which suggests that appellant could not cross-examine the guardian ad litem after the oral recommendation was made to the court.
Furthermore, in In re Shaeffer Children (1993), 85 Ohio App.3d 683, the Third District Court of Appeals held that the statutory requirement that the report be submitted at the time of the hearing was fulfilled when the guardian read the report into the record in open court at the close of evidence, but prior to closing arguments. Id. at 693.
Appellant's trial counsel did not object to the guardian's failure to submit a recommendation at the time the written report was submitted. Because trial counsel failed to object to the guardian ad litem's oral recommendation at the close of the hearing, appellant urges this court to find that the court committed plain error. In order to raise plain error, it must appear on the face of the record not only that the error was committed but that, except for the error, the result of the trial clearly would have been otherwise and that not to consider the error would result in a clear miscarriage of justice. State v. Williford (1990), 49 Ohio St.3d 247, 253.
The plain error doctrine has been used with regard to permanent custody proceedings. In re Rose (Feb. 24, 1996), Delaware App. No. 850CA-16, unreported. However, in the instant case, we find no error in the guardian ad litem's submission of a written report on the first day of the hearing for permanent custody, with a reservation of recommendation until after the close of evidence. Appellant's assignment of error is overruled.
Judgment affirmed.
KOEHLER and WALSH, JJ., concur.