**The STATE of Ohio**

v.

**TOMAS.**

Hamilton County Municipal Court.

Decided Sept. 13, 2000.

*Richard D. Guinan,* Assistant Hamilton County Prosecuting Attorney, for the state of Ohio.

*Kevin R. Brewer,* for defendant.

---

ELIZABETH MATTINGLY, Judge.

Defendant Michael Tomas is charged with aggravated trespass in violation of R.C. 2911.211 and assault in violation of R.C. 2903.13 in regard to an incident which occurred on March 24, 2000, in Hamilton County, Ohio. Defendant does not deny that he attempted to cause physical harm to Daryl Ashcraft; rather, he defends this charge on the basis that he entered the property in question with the privilege of the defense of others and attempted to strike Daryl Ashcraft in the course of legitimately defending the safety of his fiancée and her child.

On the above-stated date, defendant Tomas accompanied his fiancée, Amy Owens, to 3280 Pepraka Court in Hamilton County, Ohio, the home of the father of her child, Daryl Ashcraft. Tomas was in the passenger seat of the vehicle that Amy Owens drove to Ashcraft's home, but remained seated in the car at the very end of the driveway, about twenty to thirty feet away from Ashcraft's front porch. He had the windows rolled up in the car and was listening to the stereo when Owens went up onto the front porch; he could not have heard any discussion that may have occurred between Ashcraft and Owens. Nevertheless, he observed Ashcraft shutting the door in Owens's face and later saw Ashcraft and Owens engaging in some sort of tug of war on the front porch involving Kelly, their five-year-old daughter. Ashcraft testified that Owens was following Kelly into the house, not wanting to let go of the child. Defendant did not hear Owens yelling for help. What he observed was that Ashcraft had apparently pulled Owens and Kelly into the house. Tomas then rushed out of the car up to the front porch to assist them. Ashcraft testified, without contradiction, that he had agreed to allow Owens to come into the home to visit her daughter, but was unwilling to allow her to visit the child outside his home for fear that Owens would take her away.

Ashcraft and Tomas disagree whether the next events in question occurred on Ashcraft's front porch or in his home. In most respects, this is a distinction without a difference. Whether the events in question occurred on the porch or in the attached residence, both areas constitute Ashcraft's home. Thus, he had no legal duty to retreat from either location. *State v. Williford* (1990), 49 Ohio St.3d 247, 551 N.E.2d 1279, paragraph two of the syllabus (no-duty-to-retreat rule applicable to events occurring in residence and on front porch of home). Ashcraft testified that Tomas jumped out of the car, ran to the house, swung open the storm door in a rage, and took two steps into Ashcraft's home, at

which point Ashcraft, who was in fear for his safety, punched Tomas and knocked him back. Prior to this punch, neither Tomas nor Ashcraft had said any words to each other. As indicated, Ashcraft testified that Tomas was coming toward him inside his home. However, Tomas testified that Ashcraft had pulled Owens and Kelly into the home and that when defendant Tomas simply opened the storm door, Ashcraft hit him in the face near his eye. When hit, Tomas asserts, he was simply at the door; Tomas claims that he never entered the house before he was struck.

Tomas, however, also testified that he could not see Owens through the porch door. Even though he asserts that he feared for the safety of his fiancée and her child and could not see into the interior of the home where they were, he urges the court to believe that he did not enter Ashcraft's home to determine their status when confronted with the opaque door. The court finds that defendant's recitation of his whereabouts at the time Ashcraft punched him is not credible. Having rushed to the front door of the home for the avowed purpose of protecting his fiancée and her child, defendant would not stop at a door he could not see through. As defendant testified, he had no idea what was going on inside the house. For these reasons, the court finds Ashcraft credible and defendant not credible on the issue of whether defendant was inside Ashcraft's residence when the first blow was struck.

At that point, seeing an enraged defendant coming into his home, Ashcraft punched defendant, and a struggle ensued in which Ashcraft threw some punches and defendant did the same. Defendant threw some punches at Ashcraft that caused him injuries for which he went to Mercy Hospital and received four stitches. He also suffered continuing neck pain from the encounter. The two men continued to scuffle on the steps and in the driveway. The matter ended when defendant and Owens left the premises and went to file charges with the police.

■ Defendant has urged that he should be found not guilty of the offenses in question, claiming the affirmative defense of defense of others in that he took action to defend the safety of his fiancée and her child. He further urges that he did not enter Ashcraft's home with the purpose required for conviction under the aggravated trespass statute, which states as follows:

"No person shall enter or remain on the land or premises of another with purpose to commit on that land or those premises a misdemeanor, the elements of which involved causing physical harm to another person or causing another person to believe that the offender will cause physical harm to him." R.C. 2911.211(A).

To prove the privilege of defense of others, defendant has the burden of proving three elements: (1) that the defendant did not create the situation, (2) that he had a bona fide belief that there was imminent danger of bodily harm to the others, and (3) that he did not violate a duty of retreat. *State v. Williford,* 49 Ohio St.3d at 249, 551 N.E.2d at 1281. Moreover, the privilege is generally limited to defense of those related to the defendant by consanguinity or affinity. *Id.* at 249–250, 551 N.E.2d at 1281; *State v. Heath* (Aug. 21, 1998), Hamilton App. No. C–970555, unreported, 1998 WL 515967. The defense was argued to include defense of a fiancée in *State v. Roberts* (Mar. 11, 1999), Washington App. No. 98CA21, unreported, 1999 WL 152128. However, even under the view that the status of being engaged to Owens allows defendant the benefit of this defense, he has failed to prove its applicability for other reasons.

Specifically, the court finds that while defendant may have subjectively believed that Owens and Kelly were in some danger, his belief was not bona fide in view of his trial testimony that he did not hear the conversation previous to the shoving he observed involving possession of Kelly. Moreover, Owens did not call for help. Defendant did not testify to hearing Ashcraft make any threats to Owens or Kelly, and there was no testimony indicating a history of physical harm visited by Ashcraft on either Owens or Kelly.[1] In short, defendant rushed to judgment, and his belief in the imminence of harm was based solely on the fact that he saw his fiancée being "drug into this man's house." He further testified that Ashcraft worked at the Post Office and had guns in his home. He leapt from these facts to the conclusion that his fiancée was in imminent physical danger. The court finds that defendant's belief that his fiancée was in danger of imminent physical harm was not bona fide. Moreover, defendant's hasty analysis of the situation and the actions he took as a result made him a creator of the situation that emerged. Therefore, on two distinct bases, the defendant has failed to prove the affirmative defense of defense of others. The court finds defendant Tomas guilty of assault in violation of R.C. 2903.13.

However, as to the aggravated trespassing charge, the court finds that, while defendant entered Ashcraft's premises without permission and without privilege to be there, his mistaken judgment was a reckless act taken with the subjective intent of rescuing Amy and Kelly, rather than with the purpose of attempting to inflict physical harm on Ashcraft. The court therefore finds defendant Tomas not guilty of aggravated trespass in violation of R.C. 2911.211.

*Judgment accordingly.*

---

1. In any event, a history of physical contact between defendant and Ashcraft would not be helpful in establishing this defense.