OPINION
Defendant-appellant, Harjinder Singh, appeals his conviction in the Butler County Area II Court for criminal damaging. For the reasons that follow, we reverse the judgment of the trial court and remand for a new trial.
On June 6, 1999, Inderjit Singh was present at the Sikh Temple of Greater Cincinnati, which is located on Tylersville Road in West Chester, Ohio. Inderjit was videotaping various activities taking place at the temple when he encountered appellant and Meetpal Singh, who were talking in the kitchen area. Inderjit stood in the kitchen doorway and began videotaping appellant and Meetpal. Appellant became angry with Inderjit and shut the kitchen door in Inderjit's face. Inderjit opened the door and continued videotaping. Appellant shut the door again, and Inderjit opened it once more. As appellant and Meetpal exited the kitchen, Inderjit continued to videotape them. Appellant raised his hand to Inderjit, and the video camera Inderjit had been holding fell to the floor.
After this incident, Inderjit filed a complaint alleging that appellant had committed the crime of criminal damaging. Appellant entered a plea of not guilty and requested a jury trial. Appellant represented himself at his trial. The jury found appellant guilty of criminal damaging. Appellant filed a motion for new trial, which the trial court overruled.
Appellant appeals, raising three assignments of error:
Assignment of Error No. 1:
 THE TRIAL COURT ERRED TO THE PREJUDICE OF THE DEFENDANT-APPELLANT IN FAILING TO INSTRUCT THE JURY THAT IN ORDER TO FIND THE DEFENDANT-APPELLANT GUILTY OF CRIMINAL DAMAGING IT MUST FIND BEYOND A REASONABLE DOUBT THAT THE DEFENDANT-APPELLANT KNOWINGLY CAUSED PHYSICAL HARM, OR A SUBSTANTIAL RISK OF PHYSICAL HARM, TO THE PROPERTY OF ANOTHER.
Assignment of Error No. 2:
 THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT-APPELLANT IN OVERRULING THE DEFENDANT-APPELLANT'S CRIMINAL RULE 33 MOTION FOR A NEW TRIAL AND CRIMINAL RULE 29 MOTION FOR JUDGMENT OF ACQUITTAL.
Assignment of Error No. 3:
 THE TRIAL COURT ERRED TO THE PREJUDICE OF THE DEFENDANT-APPELLANT IN ORDERING HIM TO PAY RESTITUTION IN THE AMOUNT OF $399.00.
 In his first assignment of error, appellant claims that the trial court committed reversible error by failing to instruct the jury on all elements of criminal damaging by omitting the mens rea of "knowingly" when defining the offense for the jury.
Generally, a defendant is entitled to have the jury instructed on all elements that must be proved to establish the crime with which he is charged. State v. Adams (1980), 62 Ohio St.2d 151, 153. However, Crim.R. 30(A) states in relevant part, "On appeal, a party may not assign as error the giving or the failure to give any instructions unless the party objects before the jury retires to consider its verdict, stating specifically the matter objected to and the grounds of the objection." A failure to object to a jury instruction before the jury retires in accordance with Crim.R. 30(A) constitutes a waiver, absent plain error.State v. Williford (1990), 49 Ohio St.3d 247, 251.
From reviewing the transcript, it is not clear whether appellant timely objected to the omission of the word "knowingly" in the trial court's recitation of the elements of the offense. It appears that appellant raised some issue about the jury instructions after they were given. However, the portion of the transcript that follows the jury instructions and contains an exchange between appellant and the trial judge is, in large part, marked "unable to transcribe."
The duty to provide a record of the trial court proceedings for review on appeal rests upon the appellant. Knapp v. Edwards Laboratories
(1980), 61 Ohio St.2d 197, 199. In the absence of such a record, an appellate court will presume the regularity of the proceedings below.Id. Because there is not sufficient information in the transcript to conclude with certainty that appellant timely objected to the omission of the term "knowingly" in the jury instruction, we will consider whether the alleged error constituted plain error.
Appellant was convicted of criminal damaging under R.C. 2909.06(A)(1), which states:
 (A) No person shall cause, or create a substantial risk of physical harm to any property of another without the other person's consent:
(1) Knowingly, by any means[.]
When instructing the jury, the trial court stated:
 Now the defendant has been charged with criminal damaging. Before you can find the defendant guilty you must find beyond a reasonable doubt that on or about the 6th day of June 1999 and in Union Township, Ohio, the defendant without the consent of the owner caused physical harm to property of another. Now what does physical harm mean. [sic] Physical harm to property means any tangible damage to property which in any degree results in loss of its value or interferes with its use or enjoyment. Physical harm to property does not include wear and tear occasion [sic] by normal use. A person acts knowingly regardless of his purpose when he is aware that his conduct will probably cause a certain result or that his conduct will probably cause, excuse me, will probably cause a certain result or that he is aware that his conduct will probably be of a certain nature. A person has knowledge of circumstance [sic] when he is aware that such of [sic] circumstances probably exist.
 Although the trial court defined the term "knowingly" for the jury, it omitted this term in the sentence which instructed the jury as to what must be found in order to find appellant guilty of criminal damaging. Therefore, the jurors were not told that in order to render a guilty verdict, they must find beyond a reasonable doubt that appellant "knowingly" caused physical harm to the property of another. This does not necessarily constitute plain error, however. The Supreme Court of Ohio has held that "[f]ailure of a trial court to separately and specifically instruct the jury on every essential element of each crime with which an accused is charged does not per se constitute plain error[.]" Adams, 62 Ohio St.2d at paragraph two of the syllabus. Where a trial court's failure to instruct the jury on an essential element of the offense with which an accused is charged is claimed to be plain error, "the reviewing court must examine the record in order to determine whether that failure may have resulted in a manifest miscarriage of justice." Id. at paragraph three of the syllabus.
The problem created by the trial court's failure to instruct the jury that "knowingly" was an essential element of criminal damaging was further exacerbated by the fact that a copy of the complaint, which also omits the word "knowingly," was admitted into evidence. No written instructions were provided to the jury. It is troubling that the jury's only written copy of the offense omits the key element of "knowingly."
Multiple videotapes of the confrontation between appellant and Inderjit were admitted into evidence. The state submitted a copy of the videotape that Inderjit was recording at the time of the incident. Appellant submitted a videotape recorded by a bystander, which shows the actions of appellant, Meetpal, and Inderjit. Appellant also submitted a videotape featuring a slow-motion replay of the bystander's videotape.
From reviewing these videotapes, it is clear that appellant was upset by Inderjit's videotaping. It is also clear that appellant raised his hand to Inderjit. However, it is not clear that appellant "knowingly" caused damage to the video camera. In the bystander's videotape, Meetpal is standing in front of appellant and Inderjit so that the view of any actual contact between appellant and Inderjit or his video camera is obstructed. A juror could have reasonably concluded that appellant intended only to push Inderjit's hand to the side so that appellant would no longer be captured on film. Or a juror could have reasonably concluded, based upon the video and the testimony of three of the eyewitnesses, that appellant had merely intended to put his hand in front of the video camera to block any further videotaping.
Had the jurors been properly told that the prosecution had to prove beyond a reasonable doubt that appellant had acted "knowingly," the verdict might have been different. Therefore, the trial court's failure to inform the jury that "knowingly" is an element of the offense charged created a miscarriage of justice and constituted plain error. Appellant is entitled to a new trial. The first assignment of error is well-taken.
Because our resolution of the first assignment of error requires that the case be remanded for a new trial, the issues raised in the second and third assignments of error are moot.[1]
POWELL, P.J., and WALSH, J., concur.
[1] In his reply brief, appellant introduces new arguments for our review, including an allegation that the trial court erred by failing to poll the jury per appellant's request. A reply brief is not to be used by an appellant to raise new assignments of error or issues for consideration; it is merely an opportunity to reply to the appellee's brief. See App.R. 16(C); Sheppard v. Mack (1980), 68 Ohio App.2d 95,97; State v. Mackey (Feb. 14, 2000), Warren App. No. CA99-06-065, unreported. Therefore, we decline to address the issues raised for the first time in the reply brief as they are not appropriately before the court.