OPINION
Defendant Joshua Hunter appeals a judgment of the Court of Common Pleas of Licking County, Ohio, convicting and sentencing him for one count of aggravated assault in violation of R.C.2903.12 with a firearm specification, after a trial to the bench. Appellant assigns a single error to the trial court:
 ASSIGNMENT OF ERROR THE TRIAL COURT ERRED WHEN IT RULED THAT DEFENDANT-APPELLANT'S POSSESSION AND TRAFFICKING OF COCAINE FROM HIS RESIDENCE PRECLUDED DEFENDANT-APPELLANT FROM ASSERTING THE AFFIRMATIVE DEFENSE OF SELF DEFENSE AS A MATTER OF LAW.
Appellant was originally indicted for aggravated assault with a firearm specification, possession of cocaine, trafficking in cocaine, and having weapons under disability. Appellant pled guilty to possession of cocaine and trafficking in cocaine and entered an Alford no contest plea to the weapons under disability charge. Appellant waived his right to a jury trial and proceeded to a trial to the court on the aggravated assault and firearms specification.
The parties stipulated to the facts prior to trial. The facts pertinent to this appeal are that appellant and his girlfriend were asleep on the living room floor of his residence when two individuals forced entry into the apartment to steal cocaine and money from the appellant. Appellant conceded the intruders were successful in stealing cocaine and appellant also stipulated he did use his residence as a point of sale of drugs.
During the theft, one of the intruders physically assaulted appellant so after they left with his cocaine appellant took a .40 caliber firearm and went from his apartment into a common area accessible to all residents of the apartment complex. Appellant fired his weapon six times and struck one of the intruders three or four times. Appellant admitted shooting this man. Appellant told police he had been robbed of drugs and money on a prior occasion, and thereafter got a gun to protect himself and his drug trafficking activities.The issue before the trial court, and before us, is whether appellant was entitled to assert the affirmative defense of self defense when he used deadly offense to protect his person and his contraband. The trial court ruled appellant was not entitled to raise the affirmative defense of self defense.
In State v. Williford (1990), 49 Ohio St.3d 247, the Ohio Supreme Court outlined the elements a defendant must prove in establishing the affirmative defense of self defense. First, the defendant must show he was not at fault in creating the violent situation; secondly, the defendant had a bona fide belief he was in imminent danger of death or great bodily harm, such that his only means of escape was to use force; and third, that the defendant did not violate any duties to retreat or avoid the danger. The Williford case reaffirmed the principle that there is no duty to retreat from one's own home, Id.
The trial court cited State v. Robinson (1999), 132 Ohio App.3d 830 in ruling the affirmative defense of self defense was not available under the facts of this case.
In Robinson, the defendant shot his accomplice in a cocaine sale during a shoot out with intruders intent on robbing them. Robinson asked the court for a jury instruction on transferred intent of self defense. The proposed instruction would have permitted the jury to acquit Robinson if it believed he mistakenly or accidentally killed his accomplice while acting in self defense against the intruders.
The Hamilton County Court of Appeals found it was not necessary to reach the issue of transferred intent of self defense, because it found a self defense instruction was not proper. The court found the defendant had assumed a primary role in a criminal enterprise, including the protection of the enterprise's illegal inventory, the drugs. The court found the defendant anticipated just such a situation which arose. The court concluded the protection of Robinson's own person was incidental to the use of deadly force, because he would have used deadly force in any event, in order to protect his drugs.
Here, although the facts are not similar to Robinson, the reasoning nevertheless is instructive. Like the defendant in Robinson, the appellant here was at least in part at fault in creating the need to use deadly force. However, there was no drug transaction actually taking place either during the theft or immediately after, when appellant fired his gun.
The greatest factual difference between this case and the Hamilton County case is in Robinson, the gun fight broke out when the intruders first appeared on the scene, whereas here, the theft had been accomplished and the intruders had actually left appellant's apartment. Although it is reasonable to conclude that appellant had a bona fide belief he was in imminent danger of death or great bodily harm while the intruders were in his apartment, the intruders had left, and appellant did not have to use force in order to escape from the danger. Additionally, although appellant did not have a duty to retreat from his apartment, the shooting did not occur in the residence, but rather, appellant pursued the intruders and caught up with them in a common area.
We conclude appellant cannot establish all the elements necessary to permit him to raise the affirmative defense of self defense on these stipulated facts. The trial court was correct in its ruling.
The assignment of error is overruled.
For the foregoing reasons, the judgment of the Court of Common Pleas of Licking County, Ohio, is affirmed, and the cause is remanded to that court for execution of sentence.
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Licking County, Ohio, is affirmed, and the cause is remanded to that court for execution of sentence. Costs to appellant.
Gwin, J., Edwards, P.J., and Wise, J., concur.