DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
 INTRODUCTION {¶ 1} Michael Vint hit his live-in boyfriend in the head with a jack handle weighing approximately one and a half pounds. He has appealed his convictions for domestic violence and felonious assault. This Court affirms his convictions because the jury's conclusion that Mr. Vint was not acting in self-defense when he hit his boyfriend is not against the manifest weight of the evidence.
 FACTS *Page 2 {¶ 2} Neither Mr. Vint nor his boyfriend testified at trial. The State, however, introduced a recording of a telephone call Mr. Vint placed to his sister from the Summit County Jail.
 {¶ 3} In that call, Mr. Vint explained that he had gotten off work early on the day of the altercation. He was upset because his boyfriend had taken the van that they apparently shared to Cleveland to pick up plants for the boyfriend's landscaping business. Mr. Vint had gotten caught in a thunderstorm and, as he was riding the first bus he had to take to get home, realized that he did not have change for a necessary transfer. As a result, he rode the bus to downtown Akron, went in a bar, and drank a few beers.
 {¶ 4} At some point, he telephoned his boyfriend, who had just gotten back from Cleveland, and asked him to come downtown and pick him up. The boyfriend initially resisted, saying that he needed to clean up, but then agreed. On the way home, they argued. When they arrived home, the argument escalated in their driveway. According to Mr. Vint, the next thing he knew, his boyfriend had him bent over the yoke of a trailer the boyfriend used in his landscaping business. Mr. Vint grabbed the handle to a jack for the trailer and, according to him, "beat" his boyfriend with it.
 {¶ 5} Mr. Vint told his sister that he could not believe he had done what he had done and that he was full of remorse. He further told her that he blamed it on *Page 3 
having drunk beer on an empty stomach. He gave no indication that he had acted in self-defense.
 {¶ 6} A woman who lived next door to Mr. Vint and his boyfriend testified that she was in her kitchen with her windows open when she heard Mr. Vint telling his boyfriend: "Dan, get off of me." When she looked out, she saw Mr. Vint bent over trying to unhook the trailer from the van and his boyfriend "on top of him hitting him." She said the boyfriend hit Mr. Vint six times, using both his hands. She then saw Mr. Vint hit his boyfriend with the jack handle. The boyfriend "backed off," and Mr. Vint threw the jack handle down. The boyfriend then walked down the street.
 {¶ 7} A paramedic testified that he was called to the house of one of Mr. Vint's neighbors. When he arrived, he found Mr. Vint's boyfriend holding an ice pack to his head. The boyfriend had a hematoma, or goose egg, on his upper forehead. The paramedic recommended that the boyfriend go to a hospital by ambulance, but the boyfriend refused.
 MANIFEST WEIGHT AND SELF-DEFENSE {¶ 8} Mr. Vint's sole assignment of error is that the jury's conclusion that he did not act in self-defense is against the manifest weight of the evidence. When a defendant argues that his convictions are contrary to the weight of the evidence, this court must review and weigh all the evidence that was before the trial court:
 [A]n appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of *Page 4 
witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.
State v. Otten, 33 Ohio App. 3d 339, 340 (1986). Before this Court can weigh the evidence, however, it must determine that there is evidence to weigh. See Chicago Ornamental Iron Co. v. Rook, 93 Ohio St. 152, 156
(1915).
 {¶ 9} Mr. Vint had the burden of proving, by a preponderance of the evidence, that he was acting in self-defense when he hit his boyfriend in the head with a jack handle. State v. Williford, 49 Ohio St. 3d 247,249 (1990). In order to prove that he was justified in using the jack handle, a deadly weapon, to defend himself, he would have had to prove three things:
 (1) that he was not at fault in creating the situation giving rise to the affray, (2) that he had a bona fide belief that he was in imminent danger of death or great bodily harm and that his only means of escape from such danger was in the use of deadly force, and (3) that he did not violate any duty to retreat or avoid the danger.
State v. Caldwell, 79 Ohio App. 3d 667, 679 (1992) (citing State v.Williford, 49 Ohio St. 3d 247, 249 (1990)).
 {¶ 10} There was no evidence before the trial court regarding who started the physical fight between Mr. Vint and his boyfriend. In his telephone conversation with his sister, Mr. Vint acknowledged that he had been pissed off at his boyfriend and blamed the altercation on the fact that he had drunk beer on an empty stomach. Although, when the neighbor first saw the two men fighting, Mr. Vint's boyfriend was on top of Mr. Vint, there was no evidence regarding whether *Page 5 
he was hitting Mr. Vint in response to something Mr. Vint had done to him. Because he failed to present any evidence that he was not at fault in starting the physical fight, he failed to carry his burden on the first necessary element of self-defense.
 {¶ 11} Mr. Vint also failed to present any evidence that he had a bona fide belief that he was in danger of death or great bodily harm when he struck his boyfriend with the jack handle. Although the neighbor who testified said that Mr. Vint's boyfriend was on top of him hitting him, that testimony was not sufficient to show that Mr. Vint would have believed that he was in danger of death or great bodily harm. The neighbor was unable to even say whether the boyfriend was striking Mr. Vint with his fists or with open hands. There was no evidence that he was using any kind of weapon. Further, in the telephone conversation with his sister, Mr. Vint did not indicate that he was in fear when he struck his boyfriend. Rather, he was remorseful and blamed the altercation on his own drinking.
 {¶ 12} The jury could have inferred that Mr. Vint did not violate a duty to retreat. His neighbor testified that his boyfriend weighed approximately 250 pounds and that he was on top of Mr. Vint when she first looked out the window. Similarly, Mr. Vint told his sister that his boyfriend had him bent over the trailer yoke. The jury could have concluded that Mr. Vint was unable to retreat. That alone, however, did not allow him to use deadly force against his boyfriend. *Page 6 
 {¶ 13} Mr. Vint presented sufficient evidence on only one of the three necessary elements of self-defense. Since there is not evidence for this Court to weigh on the other two necessary elements of self-defense, it cannot conclude that the jury's determination that he did not act in self-defense is against the manifest weight of the evidence.
 CONCLUSION {¶ 14} Mr. Vint's assignment of error is overruled. The judgment of the Summit County Common Pleas Court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this *Page 7 
judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to appellant.
MOORE, J., CONCURS
 CARR, P. J., CONCURS IN JUDGMENT ONLY *Page 1