[Cite as *State v. Preston*, 2021-Ohio-1052.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| STATE OF OHIO | C.A. No. 29730 |
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| JAYLIN D. PRESTON | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | CASE No. CR-2019-09-3171 |

DECISION AND JOURNAL ENTRY

Dated: March 31, 2021

HENSAL, Presiding Judge.

{¶1} Jaylin Preston appeals his convictions for felonious assault with firearm specifications in the Summit County Court of Common Pleas. For the following reasons, this Court affirms.

I.

{¶2} On the evening of May 8, 2019, C.B. was driving around Akron in a sport-utility vehicle with his brother and his brother's girlfriend. The vehicle had recently been in a collision and had suffered damage to the power steering and braking systems that caused it to have difficulty turning. While C.B. was making a turn at the intersection of Sylvan and Pardee Avenues, the vehicle made an uneven, sudden stop before continuing. Mr. Preston, who was on foot near the intersection with a friend, noticed the vehicle. According to Mr. Preston, his life had been threatened, so when he saw the unusual movements of the vehicle, he thought the occupants were going to make a "hit" on him. He, therefore, drew a firearm and began shooting at the vehicle,

hitting C.B., C.B.'s brother, and his own friend, who ran in front of Mr. Preston after the gunfire started. When Mr. Preston saw the girlfriend fleeing from the vehicle, however, he realized that he had been incorrect about its occupants.

{¶3} The Grand Jury indicted Mr. Preston on four counts of felonious assault with firearm specifications. At trial, the court provided an instruction on self-defense. The jury found Mr. Preston guilty of the offenses, and the trial court sentenced him to a minimum of 16 years imprisonment. Mr. Preston has appealed, assigning two errors.

II.

ASSIGNMENT OF ERROR I

JAYLIN PRESTON'S CONVICTIONS FOR FELONIOUS ASSAULT AND FIREARM SPECIFICATIONS WERE NOT SUPPORTED BY SUFFICIENT ADMISSIBLE EVIDENCE, IN VIOLATION OF THE DUE PROCESS CLAUSE OF THE 5TH AND 14TH AMENDMENTS TO THE U.S. CONSTITUTION AND ARTICLE I, SECTIONS 1, 10 & 16 OF THE OHIO CONSTITUTION.

{¶4} Mr. Preston argues that his convictions are not supported by sufficient evidence. Specifically, he argues that the State failed to prove that he did not act in self-defense. Whether a conviction is supported by sufficient evidence is a question of law, which we review de novo. *State v. Thompkins*, 78 Ohio St.3d 380, 386 (1997). In making this determination, we must view the evidence in the light most favorable to the prosecution:

> An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.

*State v. Jenks*, 61 Ohio St.3d 259 (1991), paragraph two of the syllabus.

**{¶5}** "Self-defense requires that a defendant: (1) was not at fault in creating the situation giving rise to the affray; (2) had a bona fide belief that he was in imminent danger of death or great bodily harm and that his only means of escape from such danger was in the use of such force; and (3) did not violate any duty to retreat or avoid the danger." *State v. Warren*, 9th Dist. Summit No. 29455, 2020-Ohio-6990, ¶ 12, citing *State v. Barnes*, 94 Ohio St.3d 21, 24 (2002). "All three of these elements must be present to establish self-defense." *Id.*

**{¶6}** Under Revised Code Section 2905.01(B)(1), in a trial involving the use of force against another, if "there is evidence presented that tends to support that the accused person used the force in self-defense, * * * the prosecution must prove beyond a reasonable doubt that the accused person did not use the force in self-defense[.]" "Thus, once there is evidence presented at trial that tends to support that the defendant acted in self-defense, the State must disprove one of the elements of self-defense beyond a reasonable doubt." *Warren* at ¶ 12. According to Mr. Preston, the State did not present sufficient evidence to rebut his evidence of self-defense.

**{¶7}** "In Ohio, there is both an objective and a subjective aspect involved in determining whether a defendant had a bona fide belief that he was in imminent danger of death or great bodily harm: an individual's belief that he was in imminent danger must be objectively reasonable, and the individual must have an honest subjective belief to that effect." *State v. Williams*, 9th Dist. Summit No. 29444, 2020-Ohio-3269, ¶ 11. "Both aspects of the 'bona fide belief' element require this Court to consider all of the surrounding circumstances. *Id.* In addition, "[t]he privilege to defend oneself is limited to 'that force which is reasonably necessary to repel the attack.'" *State v. Huguley*, 9th Dist. Summit No. 28322, 2017-Ohio-8300, ¶ 35, quoting *State v. Williford*, 49 Ohio St.3d 247, 249 (1990). Furthermore, "[if] deadly force is used in self-defense there exists a

duty to retreat before exercising that deadly force."[1] *Warren* at ¶ 22, quoting *State v. Davis*, 10th Dist. Franklin No. 19AP-521, 2020-Ohio-4202, ¶ 31. "'Deadly force' is 'any force that carries a substantial risk that it will proximately result in the death of any person[,]' which includes the use of a gun." *Id.*, quoting R.C. 2901.01(A)(2).

{¶8} C.B.'s brother testified that C.B.'s vehicle had been in a collision and that C.B. had not had time to have it repaired yet. Although he did not know the exact extent of the damage, the collision had impaired the vehicle's power steering and the vehicle would also jerk while braking. He testified that, on the night of the shooting, they had taken one of his cousins somewhere but afterwards were just cruising around Akron talking with each other. C.B.'s brother testified that he was in the front passenger seat and that he had his window down because it was hot. As they approached the intersection of Sylvan and Pardee, he noticed a couple of people on the sidewalk, but they only looked like silhouettes because of the darkness. When the car reached the intersection, it jumped a little as C.B. braked before turning. As they entered the turn, the shooting started. Once C.B. was shot, the car stopped, but C.B.'s brother reached down and pushed the gas pedal with his hand to get it moving again.

{¶9} Mr. Preston justifies his actions by focusing on his own history and perceptions. For a sufficiency analysis, however, we must consider the evidence in a light most favorable to the State. It is not objectively reasonable for an individual on a sidewalk to have an honest belief that he is in imminent danger of death or great bodily harm just because a vehicle on the road is experiencing mechanical problems and makes a jerking motion while braking. Moreover, the

---

[1] We note that the facts of this case occurred before the General Assembly amended Section 2901.09(B) to provide that "a person has no duty to retreat before using force in self-defense * * * if that person is in a place in which the person lawfully has a right to be." R.C. 2901.09(B) (effective April 6, 2021).

evidence demonstrated that the use of deadly force was not Mr. Preston's only means of escape from any danger the vehicle might have posed to him. There was nothing about the surroundings that would have impeded Mr. Preston from attempting to escape the situation before using deadly force. Mr. Preston himself testified that the reason he was out that evening was because he felt secure walking in his neighborhood. Mr. Preston explained that, even if he was attacked in his neighborhood, he knew that he had safe places to retreat to where he could hide or seek help. Accordingly, upon review of the totality of the circumstances, we conclude that there was sufficient evidence on which the jury could find that the State disproved at least one of the elements of self-defense beyond a reasonable doubt. Mr. Preston's first assignment of error is overruled.

## ASSIGNMENT OF ERROR II

JAYLIN PRESTON'S CONVICTIONS FOR FELONIOUS ASSAULT AND FIREARM SPECIFICATIONS WERE AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE IN VIOLATION OF THE DUE PROCESS CLAUSE OF THE 5TH AND 14TH AMENDMENTS TO THE U.S. CONSTITUTION AND ARTICLE I, SECTIONS 1, 10 & 16 OF THE OHIO CONSTITUTION.

{¶10} Mr. Preston also argues that his convictions are against the manifest weight of the evidence. When considering a challenge to the manifest weight of the evidence, this Court is required to consider the entire record, "weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." *State v. Otten*, 33 Ohio App.3d 339, 340 (9th Dist.1986). Weight of the evidence pertains to the greater amount of credible evidence produced in a trial to support one side over the other side. *Thompkins*, 78 Ohio St.3d 380, at 387. An appellate court should only exercise its power to reverse a judgment as against the manifest weight

of the evidence in exceptional cases. *State v. Carson*, 9th Dist. Summit No. 26900, 2013-Ohio-5785, ¶ 32, citing *Otten* at 340.

{¶11} Mr. Preston argues that he presented substantial evidence regarding his reasonable and legitimate fear that he was at imminent risk of death. Mr. Preston testified that, prior to the incident, someone had been killed and his name had been circulated as the perpetrator, leading there to be $20,000 bounty on him. He testified that he had been shot at prior to the incident and was eventually shot in the chest a few months later in West Virginia. Mr. Preston notes that a detective corroborated that there had been suspicions about his involvement in another person's death before the incident.

{¶12} Mr. Preston testified that the vehicle caught his attention because it stopped hard and was "tweaky[,]" which he describes as having a lot of crazy stuff going on. The behavior of the vehicle, including the way it jerked to a sudden stop, caused him to be scared and he reacted by shooting at it, ensuring that nothing would happen from the vehicle. He notes that C.B.'s brother and the girlfriend both confirmed the erratic mechanical behavior of the vehicle.

{¶13} According to Mr. Preston, despite the alleged bounty on him, he felt safe going to the neighborhood store and felt safe walking home because he had a firearm. He contested that the shooting happened at the intersection and alleged that the reason broken glass was found there was because that was where the girlfriend exited the vehicle. Mr. Preston argues that he did not cause the vehicle's mechanical problems, did not cause it to be night or for there to be poor street lighting, and did not cause other people to shoot at him. He admitted, however, that he never saw a gun from C.B.'s vehicle and that there was nothing stopping him from going either direction down the street or running back to his house at the time he started shooting.

{¶14} Upon review of the record, we cannot say that the jury lost its way when it concluded that Mr. Preston did not have a reasonable belief that he was in imminent danger of death or great bodily harm and that his only means of escape from such danger was in the use of deadly force. Mr. Preston's second assignment of error is overruled.

III.

{¶15} Mr. Preston's assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JENNIFER HENSAL
FOR THE COURT

TEODOSIO, J.
<u>CONCURS.</u>

CALLAHAN, J.
<u>CONCURRING.</u>

{¶16} I concur in the majority's disposition of Mr. Preston's assignments of error and with the analysis of his second assignment of error, but I write separately because I question whether a sufficiency analysis of self-defense is appropriate under the amended statute. *See Smith v. United States*, 568 U.S. 106, 110 (2013), quoting *Patterson v. New York*, 432 U.S. 197, 210 (1977) (noting that "'[p]roof of the nonexistence of all affirmative defenses has never been constitutionally required.'"). *See also In re Winship*, 397 U.S. 358, 364 (1970); *State v. Warren*, 9th Dist. Summit No. 29455, 2020-Ohio-6990, ¶ 32 (Callahan, P.J., concurring). Nonetheless, the parties have not raised this question, and I concur in the majority's disposition of the first assignment of error on that basis.

<u>APPEARANCES:</u>

JEREMY A. VEILLETTE, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and HEAVEN R. DIMARTINO, Assistant Prosecuting Attorney, for Appellee.