JOURNAL ENTRY AND OPINION
{¶ 1} David Hill ("Hill") appeals his convictions for assault on a corrections officer. Hill argues that the verdicts are against the manifest weight of the evidence, that the burden-shifting requirement of R.C. § 2901.05(A) is unconstitutional, and that trial counsel's failure to object to the burden-shifting requirement of R.C. § 2901.05(A) constituted ineffective assistance of counsel. For the following reasons, we affirm.
 {¶ 2} In the early morning hours of April 13, 2004, Corrections Officer Joseph Corrigan ("Corrigan") made his rounds throughout the eighth floor of the Cuyahoga County Jail. While performing his duties, Hill spoke with Corrigan and asked to speak with Corrigan's supervisor, Corporal Brian Williams ("Williams"). Corrigan informed Williams that Hill wanted to speak with him. Williams then responded to Hill's cell and observed him sitting on the top bunk. Williams heard Hill making unintelligible noises and entered Hill's cell to check on his condition.
 {¶ 3} When Williams entered the cell, Hill swore at Williams, which prompted Williams to radio for assistance. Before help arrived, Hill attempted to strike Williams from his seated position. Williams then deployed pepper foam into Hill's face, which only caused Hill to become more irate. Hill leapt from his bed onto the floor and punched Williams three times in the face. Hill broke Williams' glasses, causing Williams to suffer cuts and bruises on his face. Williams continued to try to restrain Hill but Hill kept struggling, and even bit Williams on the ear, drawing blood.
 {¶ 4} At that point, Corrigan came to Williams' aid and assisted in trying to restrain Hill. Corrigan activated his personal alarm transmitter that alerted the special response team. Neither Williams or Corrigan were able to restrain Hill and when the special response team arrived, both officers backed out of the cell. The special response team restrained Hill, placed him in handcuffs, and removed him from his cell.
 {¶ 5} Williams responded to the Cleveland Clinic where he received treatment for his bite wound. Sheriff's Detectives documented Williams' injuries through photographs, which were later admitted as exhibits during trial. Williams stated that he was unaware of any injuries suffered by Hill.
 {¶ 6} Corrigan admitted that he did not suffer any injuries during the struggle. He also stated that he did not strike or kick Hill and, furthermore, that he did not witness Williams nor any member of the special response team strike or kick Hill. However, Corrigan admitted that Hill had bruises on his face but could not explain how the injuries occurred.
 {¶ 7} County Jail physicians examined Hill on April 14, 2003 and April 23, 2004. During the second examination, Doctor Ahmed Elghazawi ("Elghazawi") observed swelling on Hill's face and discovered that Hill had a herniated disk in his lower back. Elghazawi could not state for certain whether the injury to Hill's back resulted from the April 13, 2004 incident.
 {¶ 8} The Cuyahoga County Grand Jury returned an indictment against Hill charging him with two counts of assault on a correction's officer, in violation of R.C. § 2903.13. The jury returned a verdict of guilty on both counts, and the trial court immediately sentenced Hill to a term of six months on each count, to run concurrent with each other but consecutive to the prison time already imposed on prior cases. Hill appeals, raising the three assignments of error contained in the appendix to this opinion.
 {¶ 9} In his first assignment of error, Hill argues that the jury verdicts are against the manifest weight of the evidence. Specifically, Hill asserts that because the jury failed to find that he acted in self-defense, the verdicts are against the weight of the evidence. We disagree.
 {¶ 10} In evaluating a challenge to the verdict based on manifest weight of the evidence, a court sits as the thirteenth juror, and intrudes its judgment into proceedings that it finds to be fatally flawed through misrepresentation or misapplication of the evidence by a jury that has "lost its way." State v. Thompkins, 78 Ohio St.3d 380,1997-Ohio-52. As the Ohio Supreme Court declared:
"Weight of the evidence concerns `the inclination of the greater amount of credible evidence offered in a trial, to support one side of the issue rather than the other. It indicates clearly to the jury that the party having the burden of proof will be entitled to their verdict, if, on weighing the evidence in their minds, they shall find the greater amount of credible evidence sustains the issue which is to be established before them. Weight is not a question of mathematics, but depends on its effect in inducing belief.'
The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. The discretionary power to grant a new trial should be exercised only in the exceptional cases in which the evidence weighs heavily against the conviction." Id. at 387. (Citations omitted.)
 {¶ 11} However, this court notes that the weight of the evidence and the credibility of witnesses are matters primarily for the trier of fact, and a reviewing court must not reverse a verdict where the trier of fact could reasonably conclude from substantial evidence that the State has proven the offense beyond a reasonable doubt. State v. DeHass
(1967), 10 Ohio St.2d 230, at paragraphs one and two of the syllabus;State v. Eley (1978), 56 Ohio St.2d 169. The ultimate goal of the reviewing court is to determine whether the new trial is mandated. We should grant a new trial only in the "exceptional case in which the evidence weighs heavily against conviction." State v. Lindsey,87 Ohio St.3d 479, 483, 2000-Ohio-465.
 {¶ 12} In the present case, the State of Ohio charged Hill with two counts of assault on a correction's officer pursuant to R.C. § 2903.13, which provides in pertinent part, "[n]o person shall knowingly cause or attempt to cause physical harm to another * * *." Furthermore, pursuant to subsection (C)(2), if the offender committed the offense while incarcerated and the victim of the offense worked at the facility, assault is a felony of the fifth degree.
 {¶ 13} During Hill's trial, Williams testified that Hill verbally abused him, swung at him, and then jumped off his bunk and punched him three times in his face. Williams further testified that during the ensuing struggle, Hill bit Williams on the ear. Next, Corrigan testified that he witnessed the struggle between Williams and Hill and stated that he entered the cell to assist Williams. At that point, both he and Williams were involved in the struggle with Hill.
 {¶ 14} In response, Hill claimed that he was merely acting in self-defense. Hill reported that on the night in question, Williams entered his cell and sprayed him with pepper foam. Hill claimed that he did nothing in response; but when Williams grabbed him and pulled him off of his bunk, he defended himself. Hill admitted that during the struggle, he bit Williams. However, Hill then provided inconsistent testimony, stating at one point that he did strike Williams in an attempt to defend himself and, at another point in his testimony, denying that he hit or struck Williams.
 {¶ 15} In support of his claim, Hill called Dr. Elghazawi to the witness stand, who testified that Hill had swelling in the face and that he suffered from a herniated disk in his lower back. However, Dr. Elghazawi could not state that the injuries he observed were received on April 13, 2004.
 {¶ 16} Under Ohio law, self-defense is an affirmative defense pursuant to R.C. § 2901.05(C). In order to establish self-defense, the accused must show that 1) the accused did not start the affray; 2) the accused had a bona fide belief that he faced imminent danger of death or great bodily harm; 3) the accused's only means of escape was the use of such force; and 4) the accused violated no duty to retreat or avoid the danger. State v. Allen (Nov. 30, 2000), Cuyahoga App. No. 76672; Statev. Robbins (1979), 58 Ohio St.2d 74. See, also, State v. Willford
(1990), 49 Ohio St.3d 247, 249. "If the defendant fails to prove any one of these elements by a preponderance of the evidence he has failed to demonstrate that he acted in self-defense." State v. Willford,49 Ohio St.3d 247, 249, quoting State v. Jackson (1986), 58 Ohio St.3d 281,284.
 {¶ 17} We cannot say that in the present case, the jury lost its way. The trier of fact could have reasonably concluded that Hill did not prove the elements of self-defense by a preponderance of the evidence. Hill's claims were in direct controversy with the testimony of both victims. Additionally, Hill's corroborating testimony from Dr. Elghazawi did not prove that Williams and Corrigan attacked him, it merely proved that Hill suffered injuries. Furthermore, Hill failed to establish that he had a bona fide belief that he was in imminent danger of death or great bodily harm.
 {¶ 18} Accordingly, this court finds that the jury's verdict was not against the manifest weight of the evidence. Hill's first assignment of error is overruled.
 {¶ 19} In his second assignment of error, Hill argues R.C. § 2905.01, which places the burden of proof for self-defense on a defendant, is unconstitutional. In support of his argument, Hill asserts that the State of Ohio should have had to prove the absence of self-defense and that the jury instructions should have reflected this requirement. We disagree.
 {¶ 20} When reviewing a trial court's jury instructions, the proper standard of review for an appellate court is whether the trial court's refusal to give a requested instruction constituted an abuse of discretion under the facts and circumstances of the case. State v.Wolons (1989), 44 Ohio St.3d 64, 68. The term "abuse of discretion" implies that the court's attitude is unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 21} Though Hill failed to preserve this argument for appeal, we nonetheless disagree with his assertion that the jury instruction on self-defense is unconstitutional because it placed the burden of proving self-defense upon Hill as the defendant.
 {¶ 22} In its instructions to the jury, the trial court informed the jury of the elements of the crime charged and the State's burden of proving each element beyond a reasonable doubt. The trial court also instructed the jury that because Hill raised the affirmative defense of self-defense, he had the burden of proving the elements of self-defense by a preponderance of the evidence. The trial court then informed the jury of the elements of self-defense.
 {¶ 23} The Ohio Supreme Court in State v. Martin (1986),21 Ohio St.3d 91 held that "[t]he state may constitutionally require a defendant to prove, by a preponderance of the evidence, the affirmative defense of self-defense." Id. at syllabus. The Supreme Court of the United States affirmed the constitutionality of this burden as set forth in R.C. § 2901.05(A). Martin v. Ohio (1987), 480 U.S. 228, 107 S.Ct. 1098.
 {¶ 24} Hill contends that the recent Supreme Court decision ofApprendi v. New Jersey (2000), 530 U.S. 466, 120 S.Ct. 2348, undermined the holding in Martin. However, the decision in Apprendi cannot be extended to apply to R.C. § 2901.05(A) because Apprendi dealt with sentencing statutes. The Apprendi court held that "other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." Id. at 490. Hill argues that R.C. §2901.05(A) requires the accused to disprove an element of the offense, thereby shifting the burden of persuasion to the accused. Therefore, Hill maintains that we should view self-defense as an element of the offense.
 {¶ 25} We find that the holding of Apprendi does not extend to the burden shifting requirement of R.C. § 2901.05(A). Apprendi dealt with a state statute that permitted the trial court to make findings of fact that could increase a sentence beyond the statutory maximum. State v.Loyed (July 29, 2004), Cuyahoga App. No. 83075, 2004-Ohio-3961. "The United States Supreme Court held that this type of sentencing scheme violated the right to a jury trial because the accused had the Sixth
Amendment right to have issues of fact determined by a jury." Id. at ¶ 32. Comparatively, Ohio's self-defense statute does not increase the penalty beyond the maximum. "Self-defense renders lawful that which would otherwise be a crime and negates a showing of criminal intent." Martinv. Ohio, 480 U.S. at ¶ 2 of syllabus.
 {¶ 26} Even though Hill is correct in asserting that Ohio is the lone hold out in placing the burden of proving self-defense on the accused, this court is not the proper vehicle for change. We are bound by the Supremacy Clause of the United States Constitution to follow all decisions of the United States Supreme Court. See, State v. Burnett,93 Ohio St.3d 419, 422, 2001-Ohio-1581. Because the United States Supreme Court in Martin held that placing the burden of proving self-defense on the accused did not violate due process, we are bound to follow it until such time as the United States Supreme Court retracts its opinion.
 {¶ 27} Accordingly, the trial court did not abuse its discretion when it instructed the jury in the manner described above. Hill's second assignment of error is overruled.
 {¶ 28} In his third and final assignment of error, Hill argues that failure of his trial counsel to object to the burden-switching instruction constituted ineffective assistance of counsel. We disagree.
 {¶ 29} In order to demonstrate ineffective assistance of counsel, the defendant must first show that counsel's performance was deficient, and second, that the deficient performance prejudiced the defense so as to deprive the defendant of a fair trial. See Strickland v. Washington
(1984), 466 U.S. 668, 687; State v. Noling, 98 Ohio St.3d 44, 65,2002-Ohio-7044; State v. Bradley (1989), 42 Ohio St.3d 136. Counsel's performance may be found to be deficient if counsel "made errors so serious that counsel was not functioning as the `counsel' guaranteed the defendant by the Sixth Amendment." Strickland v. Washington (1984),466 U.S. at 687. To establish prejudice, "the defendant must prove that there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different." Id. at 687.
 {¶ 30} In the present case, Hill asserts that his trial counsel's failure to object to the jury instruction requiring him to prove self-defense constituted ineffective assistance of counsel. As previously discussed, R.C. § 2901.05(A) is constitutional and, therefore, failure to object on the part of trial counsel cannot be said to be either deficient or prejudicial.
 {¶ 31} Hill's third assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Cuyahoga County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Gallagher, P.J., and McMonagle, J. concur.
 Appendix Assignment of Errors:
 "I. THE VERDICTS ARE AGAINST THE WEIGHT OF THE EVIDENCE.
 II. THE TRIAL COURT'S FAILURE TO INSTRUCT THE JURY ON ALL ELEMENTS OFTHE CRIME CHARGED VIOLATES THE SIXTH AMENDMENT.
 III. THE FAILURE OF TRIAL COUNSEL TO OBJECT TO THE BURDEN-SWITCHINGINSTRUCTION DEPRIVED THE APPELLANT OF HIS RIGHT TO EFFECTIVE ASSISTANCEOF COUNSEL AT TRIAL."